Argued June 11, affirmed July 8, 1976

WILLIAMS et al, *Respondents,*
*v.*
EMMETT et ux, *Appellants.*

551 P2d 1055

*Walter L. Cauble,* of Schultz, Salisbury & Cauble, Grants Pass, argued the cause and filed briefs for appellants.

*Donald F. Myrick,* Grants Pass, argued the cause for respondents. With him on the brief were Donald H. Coulter, and Myrick, Coulter, Seagraves & Nealy, Grants Pass.

Before Denecke, Chief Justice, and Holman and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiffs brought this suit to establish an easement over defendants' land and to enjoin defendants from interfering with the use thereof. The trial court entered a decree in favor of plaintiffs and defendants appeal. We review de novo.

Richard O. and LaVerne Campbell were the common grantors to plaintiffs and defendants of the property here involved. Campbells' deed to defendants of the north portion of their tract of land contained the following reservation:

> "Reserving, however, unto the Grantors an easement 50 feet in width on the Westerly boundary thereof and 25 feet in width along the entire Southern boundary thereof for road purposes."

Campbells' deed of the south half of their tract of land to Samuel Patrick and Viola May Sanders conveyed

> "The South half of the Northeast quarter of the Northwest quarter of Section 17, Township 37 South, Range 6 West of the Willamette Meridian, Josephine County, Oregon, *together with an easement for ingress and egress thereto and therefrom 50 feet in width along the entire westerly boundary and 25 feet in width along the entire southern boundary of the North half* of the Northeast quarter of the Northwest quarter of said section, township and range." (Emphasis added.)

The chain of title by deed from Sanders to plaintiffs contained the same easement. The following diagram (not to scale) shows the property and easement.

Diagram on following page

Plaintiffs are referred to as Sabota. Plaintiff Williams does not live on the property. In September, 1973, Sabota bulldozed, graded and rocked a road along the 25-foot strip to link his house up with the

"Shaw road." Plaintiff and his family then used the easement for access. Defendants had constructed a fence which obstructed the north and south ends of the 50-foot easement and Sabota's bulldozing of the easement and construction of the road destroyed portions of defendants' fence. Defendants then bulldozed debris onto the 25-foot easement and dug ruts in the road. Roofing nails, spikes, and fallen trees appeared on the easement and damaged plaintiff's tires. Plaintiff Sabota testified:

"A   I remember talking to him [Mr. Emmett] about it, telling him what was the idea of the spikes in my road, and he laughed and said, 'It's my property. I can do anything I want with it.' "

Defendants' actions made the 25-foot easement impassable, and Sabota and his family were forced to use another means of access over an unimproved trail.

This suit followed. The trial court found that plaintiffs owned an easement over defendants' property, as previously described.

"* * * * *.

"4) That Defendants have interferred [sic] with Plaintiffs' easement and the use thereof by depositing debris thereon, and in constructing a fence thereon;

"5) That Plaintiffs have expended the sum of $600.00 in repairing the damage to their easement caused by the Defendants.

"6) That Plaintiffs have used their said easement and have not abandoned same, nor have the Defendants acquired any right, title or interest therein by adverse possession or otherwise;

"7) That the Plaintiffs have not caused any damage or injury to any property of the Defendants;

"8) That Defendants threaten to continue to attempt to interfere with Plaintiffs' use of their said easements."

The defendants first contend that the trial court erred in finding that plaintiffs and "their predecessors in interest had not abandoned the easement."

"* * * 'The courts are not inclined to favor forfeitures

of easements unless the intent to abandon them plainly appears.' [Citations omitted.]" *Dean v. Colt,* 160 Or 342, 347, 84 P2d 481 (1938). (Suit to declare forfeiture of easement.)

In *Powers et ux. v. Coos Bay Lumber Co.,* 200 Or 329, 398, 263 P2d 913 (1954), the court stated:

"* * * The owner of a servient estate, who seeks to rid the latter of an easement through a claim of abandonment, must prove, not only non-user, but also that it was the intention of the grantee of the easement to make no further use of it. * * *"

Defendants' grantors, Campbells, retained legal title to the easement. *Hull v. Clemens et al,* 200 Or 533, 549, 267 P2d 225 (1954). Campbells' conveyance to plaintiffs' predecessors, Sanders, and each deed thereafter in the chain of title to and including plaintiffs, conveyed the easement herein questioned.

The trial court's letter opinion states in part as follows:

"* * * The defense to the action is that the Defendants have prevented the Plaintiffs from any way exercising the easement since March, 1963, and that the Defendants own the easement by virtue of adverse possession and abandonment.

"It appears that in 1970 when the [plaintiffs] were acquiring the property they told Emmett that they had bought the property, had an easement and intended to put in a road. They did perform work and labor on the easement and used the easement in 1969.

"* * * Even the witness Aiassa testified that there was a road along the South line of Emmett's property and that he built a road on the West side of the property, knowing that he had an easement and thinking that the road he built was on the 50 foot easement as recorded. The witness also testified that the Plaintiff Williams paid some of the money for the repair of the road."

The trial court concluded that defendants "acquired no title to the easement by virtue of any adverse possession" and that "there has been no abandonment."

■ The evidence confirms the trial court's appraisal of

the facts. Mr. Riley, a registered professional land surveyor, testified that he made the first "legal survey ever run in the section" in the summer of 1973; that the "Shaw road" runs as illustrated in the previous diagram. No one knew exactly where the property lines were. Sanders, one of plaintiffs' predecessors in title, built some kind of barn which encroached partly on the 25-foot strip; however, the barn was there only a few years and was torn down before plaintiffs acquired the property. We find, as did the trial court, that plaintiffs and their predecessors in interest did not abandon their easement as granted by deed and that defendants did not establish title by adverse possession. *Compare Haskell v. Borschowa,* 271 Or 326, 532 P2d 14 (1975); *Simpson v. Fowles,* 272 Or 342, 536 P2d 499 (1975).

Defendants next contend the court erred in not admitting the testimony of witness Aiassa, one of plaintiffs' predecessors in title, regarding his intent to abandon the easement. This testimony was received under the rule, we weighed it together with the other evidence on this issue, and conclude it does not prove lack of intent.

■ Finally, defendants contend the "court erred in awarding plaintiffs any damages in excess of $300." We have reviewed the testimony and find there is evidence to support the assessment of damages in the amount of $600.

Affirmed.