Argued October 6, affirmed November 22, 1977

HORECNY et al, *Respondents,*
*v.*
RAICHL, *Appellant.*
(No. 75-343, SC 25012)
571 P2d 495

Alex Christy, Portland, argued the cause for appellant. With him on the briefs was Grethe A. Larson, Portland.

Stephen T. Campbell, Seaside, argued the cause for respondents. With him on the brief was Campbell & Moberg, Seaside.

Before Denecke, Chief Justice, Tongue and Bryson, Justices, and Gillette, Justice Pro Tempore.

BRYSON, J.

## BRYSON, J.

Plaintiff[1] sold two acres of his land in Clatsop County, the "western parcel," to defendant in 1958 and retained the "eastern parcel." Plaintiff also retained a 20′ roadway through the two acres to his "eastern parcel" by the following language in the land sale contract and in the deed:

> "The purchaser is granted by the sellers, their heirs and assigns, the right to use, *and the sellers reserve to themselves,* their heirs and assigns, the right to use for road purposes, the road now existing, which is described as a roadway 20 feet in width [further legal description omitted] * * *." (Emphasis added.)

This road connected the eastern parcel to a county road and is the only way to and from the eastern parcel, except by less convenient roads that plaintiff could use only with the neighbors' permission. The road had been used for hauling logs from the eastern parcel but was not being used for such purposes at the time the parties executed the land sale contract. However, after the sale plaintiff did use the road to get to the eastern parcel to inspect it and to pick apples. Some timber remains on plaintiff's eastern parcel, which he desires to log.

In 1962 or 1963 defendant built a fence between the two parcels. Although defendant thought the fence was on the plaintiff-defendant boundary, in fact it was parallel to the boundary but 20 feet to the east on plaintiff's property.

Plaintiff concedes that defendant now owns, by adverse possession, the 20′ strip of land to the fence (the former westerly portion of his eastern parcel), but that it is subject to his 20′ roadway reserved for ingress and egress to his eastern parcel. Defendant contends that he owns the 20′ strip of land to the fence and that plaintiff has no easement for roadway through the 20′ strip of land.

---

[1] Plaintiff's former wife is no longer a party to this suit.

Plaintiff brought this suit to enjoin defendant from interfering with the 20' roadway to his eastern parcel following defendant's locking of the gate in the fence, which prevents plaintiff's entrance to his eastern parcel. Thus, this lawsuit involves a 20' × 20' piece of land for a roadway.

The trial court decreed plaintiff to have "A permanent easement 20 feet in length [description omitted]" across defendant's 20' strip of property. The defendant appeals.

It is clear that when the parties executed the land sale contract and deed plaintiff intended to reserve a 20' roadway through the land sold to defendant to enable plaintiff to have access to the county road from the eastern parcel he did not sell. The terrain surrounding the property prevents plaintiff from access to the county road except by permission to cross his neighbor's property.

If the defendant had constructed his fence on the correct boundary line, the roadway reserved by plaintiff in the contract gave plaintiff access to his property lying to the east of that sold to defendant. The evidence was that prior to defendant's closing of the gate and fence, plaintiff used the roadway for such purpose. Both parties assumed that the fence was erected in the correct location and that plaintiff reserved an easement "for road purposes" up to the fence.

■ The courts are not inclined to favor forfeiture of easements unless the intent to abandon them plainly appears. *Williams v. Emmett,* 275 Or 493, 498, 551 P2d 1055 (1976). Adverse possession will not cut off easements unless the adverse use is inconsistent with the existence of the easement. *Tucker v. Nuding,* 92 Or 319, 328, 180 P 903 (1919); *Hoffman v. Dorris,* 83 Or 625, 629, 163 P 972 (1917); *Powers et ux v. Coos Bay Lumber Co.,* 200 Or 329, 398, 263 P2d 913 (1954). *See also,* Annot., Loss of Easement, 25 ALR 2d 1265, 1275.

■ Defendant's adverse use was consistent with the roadway easement to both plaintiff and defendant, at least until defendant locked the gate. Defendant locked the gate only three or four years prior to the trial of this case. Thus, defendant did not establish adverse possession for a period of 10 years to the 20′ × 20′ roadway here in dispute. Defendant's claimed adverse possession was not inconsistent with the existence of the easement.

Therefore, we find, as did the trial court, that plaintiff is entitled to the 20′ permanent easement across defendant's 20′ strip of land.[2]

Affirmed.

---

[2]The legal description is set forth in the trial court's decree.