On respondent Paulson Investment Company, Inc.'s petition for reconsideration filed October 24, and its motion to supplement record, reconsideration allowed, former opinion (98 Or App 200, 779 P2d 1046) modified and, as modified, adhered to; motion to supplement record denied December 28, 1989; review allowed March 27, 1990 (309 Or 521)

**BADGER et al,**
*Appellants,*

**TINKER et al,**
*Plaintiffs,*

*v.*

**PAULSON INVESTMENT COMPANY, INC., et al,**
*Respondents.*

(84-11-75; CA A45550)

784 P2d 125

Joseph D. Cohen, Charles F. Adams and Stoel Rives Boley Jones & Grey, Portland, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In its petition for review, which we treat as a petition for reconsideration, ORAP 10.10, Paulson points out correctly that we erred in stating that, in order for Paulson to assign error to the giving or failing to give jury instructions, it was necessary for it to file a cross-appeal. We agree that a cross-appeal was not necessary. Its position was that the judgment should be upheld but that, if it was not, it is entitled to a new trial because of errors in the jury instructions. Its cross-assignments of error did not seek to overturn the judgment, and no cross-appeal was necessary. *Artman v. Ray,* 263 Or 529, 501 P2d 63, *on reconsideration* 502 P2d 1376 (1972).

However, we also said:

"Furthermore, Paulson has failed to set forth in its brief or by reference to the record any of the instructions complained of or the instructions that the court allegedly should have given; it has only referred to the page in the transcript where the court ruled generally on its acceptance or rejection of a specifically numbered instruction that is not quoted *verbatim.* That is not sufficient to raise the alleged error." 98 Or App at 209.

Although Paulson was entitled to raise the errors without cross-appealing, it was required to assign errors in the same manner and for the same reasons that one must do so on appeal or cross-appeal. Assignments of error that the court can consider only by searching the record for the proceedings complained of will not be considered. *Former* ORAP 7.19(5) (now ORAP 5.45(3)). Paulson argues that that rule does not apply to it, because it was not a cross-appellant and that it would be unfair to impose that requirement without notice. Other parties in Paulson's position have had no problem understanding that the reasons for the rule are equally applicable to cross-assignments of error and have complied with it. We adhere to our conclusion that the errors have not been raised in a manner sufficient to permit us to consider them without searching the record.

Paulson has also moved to supplement the record to include plaintiff's requested jury instructions and defendants' requested jury instructions, including their supplemental requests. Because we adhere to our refusal to consider the errors asserted by Paulson relating to the instructions, we deny the motion.

Petition for reconsideration allowed; former opinion modified and, as modified, adhered to; motion to supplement record denied.