Argued and submitted October 21, 1992, vacated and remanded in part; otherwise affirmed May 12, reconsideration denied August 18, petition for review dismissed November 23, 1993 (318 Or ___)

Pravomil L. RAICHL,
*Appellant,*

*v.*

Edward C. HORECNY,
*Respondent.*

(90-2128; CA A72389)

852 P2d 214

Philip L. Nelson, Astoria, argued the cause and filed the brief for appellant.

Kenneth S. Eiler, Seaside, argued the cause for respondent. With him on the brief was Bauske & Eiler, Seaside.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

This intentional trespass action is a continuation of an ongoing acrimonious dispute between the parties over defendant's use of a road easement that defendant reserved when he sold real property to plaintiff in 1958. In *Horecny v. Raichl*, 280 Or 405, 571 P2d 495 (1977), the court indicated the purpose of the easement was to provide defendant with access to a parcel of property that he retained that lies to the east of the property that he sold to plaintiff.

In 1990, defendant decided to improve the easement road to facilitate logging operations. In so doing, he placed the improvements, in part, on property that a survey taken after the fact and, apparently, in preparation for trial, revealed was outside the area of the easement and on property belonging to plaintiff. Defendant also left debris on plaintiff's property.

Plaintiff then brought this action. The jury returned a verdict that awarded plaintiff compensatory and punitive damages. After trial, the court granted defendant's motion for judgment notwithstanding the verdict as to the punitive damages award. It also denied plaintiff's request for a permanent injunction against continuing incursions beyond the easement area which, in effect, would have required defendant to remove the intruding improvements, for which plaintiff had received damages.

Plaintiff appeals, and assigns error to the judgment *n.o.v.* and to the denial of injunctive relief. We reject the latter assignment. It suffices to say that the trial court acted well within the bounds of its equitable discretion, and we agree with its ruling. *See Zerr v. Heceta Lodge No. 111*, 269 Or 174, 523 P2d 1018 (1974).

The trial court granted judgment *n.o.v.* on the ground that there was insufficient evidence to warrant the imposition of punitive damages. We disagree. There was evidence that defendant made no appropriate effort to ascertain the location and boundaries of the easement before undertaking the road improvement project, which entailed the placement of permanent material and fixtures. The jury could also have found from the evidence that defendant continued his use of the improvements through the time of his testimony at trial, after he was on notice that they were

located outside the area of the easement. That is enough evidence to support an award of punitive damages in an action for intentional trespass. *See Faber v. Asplundh Tree Expert Co.*, 106 Or App 601, 810 P2d 384, *rev den* 312 Or 80 (1991); *McGregor v. Barton Sand & Gravel, Inc.*, 62 Or App 24, 660 P2d 175 (1983); *Senn v. Bunick*, 40 Or App 33, 594 P2d 837, *rev den* 287 Or 149 (1979).

■　　Defendant contends, however, that the punitive damages award must nevertheless be remanded, because the trial court failed to instruct the jury that the punitive damages claim was subject to a clear and convincing evidence standard of proof. ORS 41.315(1). Rather, the court simply instructed that all of plaintiff's claims had to be established by a preponderance standard.

■　　Defendant has not cross-appealed, but has raised this issue through an assignment of error that is clearly set forth in his brief. He asserts that, under *Artman v. Ray*, 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972), and later related cases, the error may be asserted without the need for a cross-appeal. We agree. In *Badger v. Paulson Investment Co., Inc.*, 98 Or App 200, 779 P2d 1046, *mod* 100 Or App 12, 784 P2d 125 (1989), *aff'd in part, rev'd in part* 311 Or 14, 803 P2d 1178 (1991), the plaintiffs appealed, *inter alia*, from the trial court's judgment *n.o.v.* for the defendant Paulson on two securities law claims. In our first opinion, we reversed the judgment *n.o.v.* We declined, however, to address Paulson's contentions that the court's instructions on those claims were erroneous. We reasoned, in the alternative, that Paulson could only raise the alleged errors in the instructions through a cross-appeal, and that it had not adequately set out the errors in its brief in any event. 98 Or App at 209.

On reconsideration, we adhered to the second basis for our holding, but reached the opposite conclusion on the first. We said:

"Paulson points out correctly that we erred in stating that, in order for Paulson to assign error to the giving or failing to give jury instructions, it was necessary for it to file a cross-appeal. We agree that a cross-appeal was not necessary. Its position was that the judgment should be upheld but that, if it was not, it is entitled to a new trial because of errors in the jury instructions. Its cross-assignments of error did not seek

to overturn the judgment, and no cross-appeal was necessary. *Artman v. Ray*, [*supra*]." 100 Or App at 14.

The Supreme Court took review and, along with other issues, it addressed the question of whether Paulson could challenge the instructions without a cross-appeal. 311 Or at 30. Incongruously, the Supreme Court treated the holding on that question in our first opinion as the one under review, without making reference to the opposite conclusion we reached on reconsideration. 311 Or at 31. However, the court concluded that, because the instructions could not have affected Paulson's liability under the securities statutes, it did not have to "reach the question whether the defendant was required to raise these assignments of error by cross-appeal." 311 Or at 31.

Because the Supreme Court's opinion is not to the contrary, we adhere to the conclusion in our second *Badger* opinion. It follows that no cross-appeal was necessary here for defendant to assign error to the instruction. We also agree with defendant that the jury was instructed under the wrong standard of proof, and that that was prejudicial error.

Judgment notwithstanding the verdict vacated; remanded for further proceedings limited to issue of punitive damages; otherwise affirmed.