Argued and submitted December 18, 1992, reversed and remanded July 28, reconsideration denied September 15, 1993, petition for review denied February 1, 1994 (318 Or 350)

Charles S. INCE
and Mary F. Ince,
husband and wife,
*Appellants,*

*v.*

AMEV INVESTORS, INC.,
a foreign corporation,
*Respondent,*

*and*

MADISON HEIGHTS PLAZA, INC.,
an Oregon corporation,
Lawrence E. Nichols and Ronald S. Kaneen,
*Defendants.*

(88 CV 245; CA A70062)

857 P2d 165

Thomas A. Gerber, Portland, argued the cause for appellants. With him on the briefs were Jeffrey J. Bennett, Patrick R. Foley and Fountain Rhoades, P.C., Portland.

James B. Lynch, Minneapolis, Minnesota, argued the cause for respondent. With him on the brief were Michael H. Simon and Perkins Coie, Portland, and Dorsey & Whitney, Minneapolis, Minnesota.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs brought this action against defendants Kaneen and AMEV Investors, Inc. (AMEV) for common law torts and securities law violations, arising out of investments that plaintiffs made through and on the advice of Kaneen. Plaintiffs appeal from the summary judgment for AMEV.[1] We reverse.

AMEV is a "broker-dealer" through which Kaneen held his securities license. *See* ORS 59.165(3). In late 1986, on Kaneen's advice, plaintiffs purchased shares in one of the mutual funds that AMEV manages. Kaneen gave plaintiffs his card, with the AMEV name and logo, which designated him as its "registered representative." Although he had also advised plaintiffs about G/A Investments (G/A), he was not affiliated with G/A and did nothing to indicate to plaintiffs that he was. Plaintiffs' AMEV fund performed inconsistently. In approximately March, 1987, Kaneen advised plaintiffs to transfer their money into another AMEV fund with a more consistent earnings pattern or, alternatively, to sell the AMEV fund and use the proceeds for a G/A investment. He told them that they could later sell the G/A investment and reinvest the proceeds in the original AMEV fund when it was performing better. Plaintiffs sold the AMEV fund and invested in G/A. G/A was subsequently charged with the sale of unregistered securities and was declared bankrupt. Plaintiffs lost their investment which, among other things, they seek to recover in this action.

Although plaintiffs state several claims against AMEV, there are two pivotal theories on which they rely: that Kaneen was AMEV's apparent agent for purposes of the whole investment scheme, and that AMEV was a "controlling person," subject to liability for Kaneen's acts under ORS 59.115(3) and federal securities law. AMEV disputes both theories. It argues that there was no evidence to produce a question of fact as to either Kaneen's apparent agency or its controlling status.

The focus of AMEV's arguments is that Kaneen's business card showed Kaneen as its registered representative

---

[1] Kaneen and the other defendants besides AMEV are not parties to this appeal.

and that it had the ability to control him only with respect to its own "authorized products." AMEV contends that it did nothing to suggest that Kaneen represented it or that it could control him in connection with the G/A investment that produced plaintiffs' injury. For purposes of summary judgment, those arguments are not persuasive. Viewing the facts most favorably to plaintiffs, the G/A investment was part of a single investment plan that involved sales and purchases of the AMEV funds. More fundamentally, AMEV's potential accountability for Kaneen's acts does not depend on whether he was marketing its funds or someone else's. Rather, it arises from the alleged facts that he was its registered representative whose license to deal in securities was solely through AMEV, and that it also held him out as its agent.

AMEV's arguments also are contrary to our decision and the Supreme Court's decision in *Badger v. Paulson Investment Co., Inc.*, 98 Or App 200, 779 P2d 1046, *mod* 100 Or App 12, 784 P2d 125 (1989), *aff'd in part, rev'd in part*, 311 Or 14, 803 P2d 1178 (1991). Our holding in that case supports plaintiffs' theory that there is at least a question of fact as to whether AMEV had the *power* of control over all of Kaneen's securities transactions and could therefore be liable for any misconduct under Oregon securities laws. There is also a question of fact as to whether AMEV established the defense that it did not and could not reasonably have known the facts giving rise to liability.[2]

As pertinent to this case, the Supreme Court decided *Badger* on the ground of apparent authority, and it expressly declined to reach the "controlling-person" theory of liability. 311 Or at 27 n 10. It held that apparent authority was available as a basis for liability ancillary to the securities laws, and that there was evidence to support the jury's finding of liability on the agency theory. AMEV argues that the evidence of apparent authority in *Badger* was imposing while, here, there was nothing to show that AMEV itself held Kaneen out as its agent, as opposed to his making that representation. We

---

[2] The part of our *Badger* opinion discussed in this paragraph was not disturbed by the Supreme Court's decision. ORS chapter 59 has been amended in some respects since the events in *Badger*. AMEV does not argue that the changes in the statutes affect the applicability of the *Badger* analysis to the 1986 and 1987 events here.

disagree. The business card was — or could be found by a fact finder to be — a manifestation by AMEV that Kaneen had authority to act for it. Moreover, AMEV does not contend that it had no representative relationship with Kaneen; it argues only that his involvement in the G/A investment was outside his actual or apparent authority. Assuming *arguendo* that that question is relevant, it also is a question for the trier of fact. The same is true of AMEV's argument that plaintiffs could not have reasonably relied on Kaneen's apparent agency. The trial court erred by granting AMEV's summary judgment motion.[3]

Reversed and remanded.

---

[3] Our opinion does not discuss all of plaintiffs' claims. AMEV's arguments provide no persuasive basis for disposing of them separately or differently and, to varying degrees, all of the claims may be affected by the arguments and questions of fact we have discussed.

The trial court and AMEV relied on the federal district court's opinion in *Sweasey v. A.G. Edwards & Son, Inc.*, 738 F Supp 1278 (WD Mo, 1990). To the extent that case is persuasive, it is distinguishable. The issue there was which of two principals was accountable for the representative's action. Here, there was only one broker-dealer — AMEV — whose alleged representative was involved in all facets of the transactions.