**William ESSELSTEIN, Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.**

No. 81–3096.

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1982.

Decided April 26, 1982.

Daniel L. Manring, Barkan & Neff Co., L.P.A., Columbus, Ohio, for petitioner.

Benefits Review Board U. S. Dept. of Labor, Washington, D. C., Jonathan M. Kronheim, James O'Neill, U. S. Dept. of Labor, Washington, D. C., for respondent.

Before KEITH and MERRITT, Circuit Judges, and NEWBLATT, District Judge.*

PER CURIAM.

This case involves an appeal of an award of attorney's fees in a black lung disability case. Subsequent to agency determination that the petitioner was disabled and entitled to benefits, counsel for petitioner submitted a petition for attorney's fees. The deputy commissioner issued an award of attorney's fees but reduced the hourly rate requested from $100 to $65 and disallowed several hours from the claim. On appeal to the Benefits Review Board the deputy commissioner's decision was upheld. The petitioner brings this appeal claiming that the reduction of attorney's fees was arbitrary and capricious and constitutes an abuse of discretion. The decision of the Benefits Review Board is affirmed.

In 1976 the claimant filed a claim for benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* The claim was informally denied in August 1977. In February of 1979 the claimant sent notice to the Department of Labor that Robert Dodd was his lawyer. Dodd, an experienced lawyer in black lung cases, associated another lawyer from another law firm, Frank Neff (co-counsel) to assist in the representation. As it turned out, the only thing necessary to qualify the claimant for benefits was submission of proof of coal mine employment. Medical evidence had already been presented. Counsel for the claimant submitted a certified application for pension which recited the claimant's years of coal mine employment and several statements from individuals having knowledge of the claimant's coal mine experience. Upon a paper review, the deputy commissioner awarded benefits.

The counsel and co-counsel submitted an application for the award of attorney's fees claiming 12¾ hours at an hourly rate of $100 for a fee of $1275. The record on appeal includes the itemized list of 7¾ hours of services rendered by the petition-

er's counsel, but no similar itemization is included for the hours of co-counsel. The deputy commissioner reduced the number of hours claimed in three ways: (1) he eliminated five hours claimed by co-counsel; (2) he eliminated ¼ hour claimed by counsel which was a review of correspondence from co-counsel; (3) he eliminated one hour for a file review after benefits had been awarded. None of these reductions constitute an abuse of discretion.

 Counsel in this case routinely associates the Neff firm in black lung cases regardless of complexity and regardless of the amount of work which is required to properly represent the claimant. The deputy commissioner and Benefits Review Board noted that this was a simple case requiring only submission of proof of coal mine employment. Counsel has his practice in the same county as the claimant; co-counsel is located in a different city. No informal conferences or formal hearings were held, nor is there any indication that any were requested. Moreover, counsel claims that approximately thirty percent of his work is devoted to black lung cases. It was, therefore, reasonable for the deputy commissioner to assume that counsel was competent in this area of practice and had no need for co-counsel in a simple case. For these reasons the five hours claimed by co-counsel and ¼ hour claimed by counsel reviewing correspondence from co-counsel were properly disallowed. The deputy commissioner did not abuse his discretion by disallowing attorney's fees for work performed by co-counsel where the following factors were shown to be present: the claim for benefits is straightforward; the claimant's counsel is experienced in representing black lung claimants; association with co-counsel is routine and not based on the difficulty of the case or any other rational basis; and there is no clear indication on the record that co-counsel performed any necessary function.

 The deputy commissioner also eliminated one hour for a file review. Ben-

---

* The Honorable Stewart A. Newblatt, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

efits were awarded on October 2, 1979. Attorney fees were allowed for time spent on October 15 and 16 in review and explanation of the award. There was no abuse of discretion to disallow a subsequent file review more than a month later. As the deputy commissioner noted, the only thing remaining was to submit a fee and time spent in submission of a fee is not an allowable expense.

■ The deputy commissioner also reduced the hourly rate from $100 to $65. The deputy commissioner stated that he made an inquiry with the County Bar Association where counsel practices and determined that an average fee for this type of claim would be $50 per hour. Taking into effect the risk factor he increased the hourly rate to $65 per hour. Counsel strenuously objects that no inquiry to the local bar was ever conducted and that at best the opinion of a single attorney was requested. Although an hourly rate of $65 per hour may be lower than the national average, the work was performed in a routine case not calling for special ability or effort and the figure is not so unreasonable as to constitute an abuse of discretion.

Accordingly, the order of the Benefits Review Board is affirmed.