Orville BANKES, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Benefits Review Board, Respondent.

No. 84-3484.

United States Court of Appeals, Sixth Circuit.

Submitted April 3, 1985.

Decided June 19, 1985.

Frank J. Neff, Columbus, Ohio, for petitioner.

Benefits Review Bd., Washington, D.C., Office of the Sol., U.S. Dept. of Labor, J. Michael O'Neill, Rita Roppolo (lead), Washington, D.C., for respondent.

Before MARTIN and KRUPANSKY, Circuit Judges, and WEICK, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Plaintiff-appellant's counsel filed an untimely application for attorney fees for legal services rendered in connection with plaintiff-appellant's claim for black lung benefits. The Deputy Commissioner of the Office of Workers' Compensation refused to consider the untimely attorney fee application and the Benefits Review Board affirmed that decision. Plaintiff-appellant now appeals.

On August 16, 1971, Orville Bankes, a coal miner, filed an application for benefits with the Social Security Administration (SSA), pursuant to Part B of the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* His claim was denied by the SSA, the SSA decision was affirmed by the United States district court, and the district court's decision was affirmed by this court. While Bankes' appeal of the denial of his Part B claim for benefits was pending in this court, Congress enacted more liberal entitlement provisions in the Black Lung Benefits Reform Act of 1977, Pub.L. No. 95-239, 92 Stat. 95 (1978), and provided that an individual whose Part B claim had been denied could request either the SSA or the Department of Labor (DOL) to review it again. Accordingly, the miner elected to have his claim reviewed by the DOL pursuant to 30 U.S.C. § 945(a)(1)(B). The DOL approved the claim and awarded benefits.

The DOL issued an award of benefits on September 14, 1979, in which the Deputy Commissioner of the Office of Workers' Compensation Programs (the deputy commissioner) noted that a specified amount of money was to be withheld from the miner's award pending receipt and approval of an application for a fee for legal services rendered in connection with the claim. The miner's attorney, Robert J. Dodd, Jr. (Dodd) failed to timely submit a fee request pursuant to this award.

On November 14, 1980, the deputy commissioner informed Dodd that he was allocated 30 days within which to file a fee petition, and failure to respond within the allotted time would result in refunding any money withheld from the award of benefits to secure payment of the fee to Bankes. Dodd filed no response within the specified period.

On February 23, 1981, the deputy commissioner issued an amended decision which increased Bankes' benefits due to the addition of a dependent. In this decision, the money previously withheld for the payment of an attorney's fee was ordered to be paid to the miner. No objection to this order was received from Dodd and he did not request approval of a fee.

By letter dated March 22, 1982, Dodd submitted a fee application to the deputy commissioner in which he requested payment of $4,425 for services performed before the SSA and the DOL from February 12, 1974 through September 18, 1979, at the rate of $100 an hour. Dodd acknowledged that he had received the deputy commissioner's letter of November 14, 1980, but stated that he had either "overlooked or misplaced" the earlier request. Dodd further explained that he intentionally delayed filing a fee application pending a judicial determination of the propriety of a regulation limiting the types of services for which compensation was available.

On April 1, 1982, the deputy commissioner informed Dodd that pursuant to 20 C.F.R. 725.366(a), his fee application would not be considered because it had not been received within 30 days of the letter of November 14, 1980. Dodd appealed the decision to the Benefits Review Board (the Board) on April 14, 1982. The Board affirmed the decision of the deputy commissioner on May 1, 1984, finding no abuse of discretion in the refusal to consider the fee petition. Dodd appealed the Board's decision.

Pursuant to 20 C.F.R. 725.366(a), it is within the discretion of the deputy commissioner to set the time limitation for the filing of a fee application for services performed before him in a black lung benefits case. Because the award or denial of an attorney's fee is discretionary, it may be overturned only if it is arbitrary, capricious, an abuse of discretion, or not in accordance with law. *See Esselstein v. Director*, 676 F.2d 228 (6th Cir.1982) (per curiam).

The deputy commissioner refused to consider Dodd's fee application because it was filed more than 14 months after the specifically allotted time. Dodd asserted that this refusal constitutes an abuse of discretion. This court cannot agree. To the contrary, Dodd was specially informed as to the application deadline, and failed to act within the prescribed time limits. Accordingly, the decision of the Board is AFFIRMED.