**Joan DIVER, Plaintiff, Appellant,**

v.

**GODDARD MEMORIAL HOSPITAL,
Defendant, Appellee.**

**No. 85-1764.**

United States Court of Appeals,
First Circuit.

Submitted Jan. 8, 1986.

Decided Feb. 5, 1986.

Helen Horn Figman and Lipman & Figman, Brockton, on brief, for plaintiff, appellant.

Pamela J. Wood, Joseph E. O'Leary and Choate, Hall & Stewart, Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, ROSENN,* Senior Circuit Judge, and BOWNES, Circuit Judge.

**PER CURIAM.**

In addition to competence and skill, a successful advocate brings a reasonable amount of enthusiasm and tenacity to the client's cause. A lawyer, however, must temper energy with good judgment, know when to pursue litigation and when to cease the pursuit. The present case, in which the plaintiff's counsel claims to have spent what seems an inordinate portion of her time on a minor part of her client's lawsuit, appears to be an example of unchecked enthusiasm. Among the hazards of such a lack of judgment, as shown in this appeal for an increased award of attorney's fees, is the risk that payment will not be shifted to the other party if one's efforts are unsuccessful.

Joan Diver worked as a secretary for Goddard Memorial Hospital (the Hospital) from May 1982 until she was discharged in August 1983. Following her dismissal, Diver sued the Hospital in the United States District Court for the District of Massachusetts, alleging that she had been fired in breach of her employment contract and in retaliation for a complaint she had made to the United States Department of Labor about the Hospital's overtime policy. She also claimed that she was owed overtime.[1] Her claims aggregated $125,000. After a seven-day trial, a jury awarded her $369 overtime over and above the $1659 which the Hospital offered following a Department of Labor investigation. Diver did

1. The district court had jurisdiction over Diver's federal statutory claims for wrongful discharge and overtime and her pendent state law con-

not prevail on her other claims of retaliatory discharge and breach of contract.

Diver sought approximately $25,000 attorney's fees as the prevailing party in a labor action, 29 U.S.C. § 216(b), but the district court awarded her a fee of $1,000 for her partial and nominal victory. She appeals, seeking a larger award of attorney's fees. We affirm.

### I.

After working several months as a secretary at the Hospital, Diver requested and received a transfer because of a personality conflict with her supervisor. She was assigned duties as a secretarial floater and in September 1982 commenced an assignment as a secretary in a newly-created ambulatory department. Diver complained repeatedly to her supervisors that her new responsibilities in this department required lengthy hours of overtime for which she was not paid. Her supervisors checked her time cards and determined that she had been correctly compensated for the time she had recorded. At trial, Diver testified that she did not always punch her actual time on the time card, although she had been told to do so and that she would be paid only for the time recorded.

The Hospital asserts that it terminated Diver, after numerous attempts to counsel her and assist her, because of insubordination and the poor quality of her work. Diver said the Hospital fired her in retaliation for her criticism of its overtime policy and her threat to file an overtime complaint with the Department of Labor. Diver did file such a complaint the day she was fired, but apparently the jury did not believe her testimony that she suffered a retaliatory discharge.

The Department of Labor investigation revealed that the Hospital owed fifty-five employees overtime, mostly for nominal sums, and that it owed Diver $1659.54. The Hospital promptly tendered the amount found due her but Diver refused it

and filed the present lawsuit. The jury found by special verdict that the defendant owed Diver only $369 above the sum the Labor Department had found and the defendant had tendered. Apparently, the jury awarded this amount because it believed Diver's testimony that she had worked extra hours which she had not punched on her time card. The jury denied Diver's claim that her discharge was retaliatory. The court directed a verdict against Diver's contract claim, holding that the Hospital's employment manual did not constitute a contract.

Although a supplementary affidavit of plaintiff's counsel avers that she devoted 95 percent of her time recorded in this case to the claim for overtime wages, the trial court observed that this claim netted only $369 over and above the sum of $1659.54 offered and refused. The court concluded:

> While I have no doubt that counsel spent considerable time on this case, the case was not complex, factually or legally, and the amount recovered was minimal. She had already been offered $1659.54 which the Department of Labor found was due her, so it was certain that she would "prevail" at least as to the overtime claim. Finally, if the plaintiff had walked the few steps necessary to punch her time card regularly, this entire matter might well have been avoided.

Diver's counsel had submitted time sheets which she calculates justify approximately $12,800 of attorney's fees, and she seeks double this amount because she asserts the case was difficult.

### II.

The Fair Labor Standards Act of 1938 (the Act) provides that the court in an action under the Act "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (1982). The parties do not dispute that the substance of this provision is the same as the

tract claim pursuant to 28 U.S.C. § 1331 (1982). This court has jurisdiction under 28 U.S.C.

§ 1291 (1982).

many other provisions for attorney's fees under federal statutes.

The Supreme Court has discussed at length the procedure to be used in determining attorney's fees in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (fee award under civil rights statute). Although the Court noted the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), which have often been used by the courts as an aid in setting fees, it stated that "the most critical factor is the degree of success obtained." 461 U.S. at 436, 103 S.Ct. at 1941. The Court also "reemphasize[d]" the district court's discretion in determining the amount of a fee award because it has a "superior understanding of the litigation," and the fee award is "essentially ... factual." *Id.* at 437, 103 S.Ct. at 1941. *Hensley* also endorsed this court's statement in *Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir.1978), that it would not view sympathetically a claim that a district court abused its discretion by awarding unreasonably low attorney's fees in a partially successful suit where counsel's records provide no proper basis for determining the time spent on particular claims. 461 U.S. at 437 n. 12, 103 S.Ct. at 1941 n. 12.

We believe Diver's appeal is foreclosed by *Hensley*. She prevailed at trial only on her overtime claim, which was factually and legally distinct from her wrongful discharge and contract claims. Discounting the portion of overtime the Hospital always was prepared to pay, she sought $125,000 and won only $369. The overtime claim required no legal innovations and involved no great factual complexities. Measured by the crucial factor of "success obtained," Diver's victory appears fairly characterized by the district court as "minimal." Nor did Diver satisfy the *Nadeau* requirement and demonstrate from her records that the great bulk of her work was on the overtime claim; instead, she relied on the conclusory assertion by affidavit that 95 percent of her time was devoted to this issue.

Further, the district court amply satisfied the *Hensley* requirements in explaining its actions. The court noted at least four grounds for granting only a nominal fee award: (1) "the jury did not find the major portion of her [Diver's] testimony to be credible"; (2) "the case was not complex, factually or legally, and the amount recovered was minimal"; (3) it was certain Diver would prevail, at least in large part, on the overtime issue, since the Hospital had conceded liability; (4) "this entire matter might have been avoided" if Diver had punched in and out responsibly. Order of Judgment 2–3. *Cf. Burnley v. Short*, 730 F.2d 136, 141 (4th Cir.1984) (district court correctly reduced fee award because "the attorney obtained results far below his expectations ... undertook unnecessary work in the case, and ... the relatively simple case presented no novel issues"). The trial court's evaluation is fully supported by the record. There is not the slightest indication of any abuse of discretion by the district court.

AFFIRMED.