38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Herbert WHITAKER; E.F. Martin, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-3682.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner E.F. Martin, Jr. appeals the sixty-five dollar hourly fee which he was granted for his representation of Petitioner-Claimant Herbert Whitaker in Whitaker's successful pursuit of black lung benefits. The hourly fee was initially set by the District Director of the United States Department of Labor and was affirmed by the Benefits Review Board. We now AFFIRM the holding of the Board.
 
 
 2
 * In 1976, Claimant Herbert Whitaker applied for federal black lung benefits from the Department of Labor, Office of Coal Mine Workers' Compensation ("DOL"). Whitaker's application was initially denied by DOL when he failed to establish that he qualified for benefits under the Black Lung Benefits Reform Act (the "Act").[1] In September 1979, Whitaker retained E.F. Martin as counsel. In January 1984, Whitaker introduced additional medical evidence. Upon consideration of this new evidence the District Director awarded Whitaker $41,365.50 in back benefits and $473.30 prospective monthly benefits. An addendum was attached to the "Award of Fees," which notified Martin he was entitled to attorney's fees upon submission of an application.
 
 
 3
 In his petition for attorney's fees, Martin itemized 64.25 hours of work between June 24, 1979, and January 30, 1984, plus expenses totaling $150. The petition did not include an hourly billing rate, but requested a total fee of $10,341.37, stating that this fee was consistent with the twenty-five percent fee agreement Martin had arranged with Whitaker at the time of employment. However, Deputy Commissioner Darly E. Ratliff disallowed the twenty-five percent fee arrangement and ordered Martin to refund to Whitaker all money held in escrow. Ratliff found that 64.25 hours for the services rendered by Martin were clearly excessive and granted Martin a fee of $2000--which included compensation for any expenses incurred by Martin--based upon the fact that the average time expended in a case such as Whitaker's was 30 hours and that the services rendered were of a routine nature.
 
 
 4
 In September 1984, Martin requested and was granted reconsideration of the fee award. Martin then moved for the petition to be held in abeyance, pending the result of five other fee appeals to which Martin was a party.
 
 
 5
 In 1988, the Supreme Court of West Virginia held that the attorney's fees provisions of the Black Lung Act were unconstitutional. Committee on Legal Ethics of the West Virginia State Bar v. Triplett, 378 S.E.2d 82 (W.Va.1988) rev'd sub nom. U.S. Dept. of Labor v. Triplett, 494 U.S. 715 (1990). However, after the United States Supreme Court reversed the Triplett decision and held that the Act's fee provisions were constitutional, see 494 U.S. at 726, Martin requested that a decision on the reconsideration of his petition be issued. Martin requested that a fee of $6,425.00 ($100 per hour for 64.25 hours) be awarded because he had in the past been granted that amount for successfully representing black lung claimants.
 
 
 6
 In December 1990, District Director Herbert Koudry awarded Martin $4,061.45, or $65 per hour for 60.5 hours plus $128.95 for expenses. Martin appealed the District Director's award. On April 28, 1993, the Benefits Review Board ("BRB") entered its "Decision And Order." The BRB affirmed the invalidation of the twenty-five percent fee arrangement but found that the District Director had miscalculated the hours allowed. Based of its review of the record, the BRB sustained the District Director's finding that the $65 hourly rate was "appropriate and reasonable" and held that such a rate was not "manifestly unjust." Thus, the BRB increased Martin's fee award to $4,158.95, or $65 per hour for 62 hours work plus $128.95 for expenses. This appeal followed.
 
 II
 
 7
 On appeal, we must determine whether the BRB properly affirmed the District Director's assessment of a $65 hourly rate for Martin's successful representation of Claimant in his black lung benefit action. We begin by noting that the award or denial of attorney's fees in a black lung benefits case is discretionary. Bankes v. Director, Office of Workers' Comp. Progs., 765 F.2d 81, 82 (6th Cir.1985). A fee determination should only be set aside if the reviewing board's decision was arbitrary, capricious, an abuse of discretion, or not in accordance with the law. Id. 765 F.2d at 82; 5 U.S.C. Sec. 706(2)(A) (1988). An abuse of discretion occurs if the agency's decision lacks any supporting evidence or "is based on an improper understanding of the law." Oakland County Bd. of Comm'rs v. United States Dep't of Labor, 853 F.2d 439, 442 (6th Cir.1988). An agency's decision is not an abuse of discretion nor arbitrary and capricious "[i]f the agency considers the relevant factors and articulates a rational connection between the facts found and the choice made." Nagi v. United States, 751 F.2d 826, 828 (6th Cir.1985).
 
 
 8
 In general, an agency's factual determinations will be affirmed if the determination is supported by "substantial evidence." Peabody Coal Co. v. Holskey, 888 F.2d 440, 441 (6th Cir.1989). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " York v. Benefits Review Bd, 819 F.2d 134, 136 (6th Cir.1987) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 III
 The Act's Fee Provision
 
 9
 A claimant seeking black lung benefits may be represented by an attorney. See 20 C.F.R. Sec. 725.362(a) (1994). The Act provides that if a claimant wins a contested case, the employer, his insurer, or the Black Lung Disability Trust Fund shall pay a "reasonable attorney's fee" to the claimant's lawyer. 30 U.S.C. Sec. 932(a) (1988) (incorporating 33 U.S.C. Sec. 928(a) (1988)). The Act prohibits an attorney from receiving a fee--whether from the employer, insurer, Trust Fund, or claimant--unless approved by the appropriate agency or court. 30 U.S.C. Sec. 932(a) (incorporating 33 U.S.C. Sec. 928(e) (1988)). DOL's regulations invalidate all contractual agreements for fees, see 20 C.F.R. Secs. 725.365, 802.203(f), and DOL will not approve a fee if the claimant is unsuccessful. See 20 C.F.R. Sec. 802.203(a)-(b); 33 U.S.C. Sec. 928(a).
 
 
 10
 Once the claimant's compensation order becomes final, the attorney may apply to each tribunal before whom the services were performed, and shall be awarded a fee "reasonably commensurate with the necessary work done," taking into account "the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of the proceedings ..., and any other information which may be relevant to the amount of fee requested." 20 C.F.R. Sec. 725.366(b) (1994); 33 U.S.C. Sec. 928(a).
 
 
 11
 The District Director and Boards' Consideration of Martin's
 
 Application For Fees
 
 12
 Martin contends (1) that the District Director and the Benefits Review Board failed to consider the factors required by 20 C.F.R. Sec. 725.366(a) and the Supreme Court's Triplett decision, and (2) that the $6200 fee he seeks is "modest" when compared to Whitaker's award of $41,365.50 in back compensation plus monthly benefits of $473.30.
 
 
 13
 Addressing the second argument first, we find that the District Director could not have abused his discretion by failing to consider the amount of benefits awarded to Whitaker when determining Martin's fee. The amount of benefits a claimant receives in a black lung case has no bearing on the reasonableness of the fee award because the amount of benefits is set by law. Thus, the quality of representation does not affect the computation of the benefit award. Allen v. Director, Office Workers Compensation Programs, United States Dep't of Labor, 7 Black Lung Rep. (MB) 1-330, 1-332 (Ben.Rev.Bd.1984); Simmons v. Director, Office Workers Compensation Programs, United States Dep't of Labor, 7 Black Lung Rep. (MB) 1-175, 1-177 (Ben.Rev.Bd.1984).
 
 
 14
 With respect to Martin's first argument, he has not demonstrated that the District Director or the BRB failed to consider the relevant factors under 20. C.F.R. Sec. 725.366(a). The provisions of this section require that an attorney's application for fees "be supported by a complete statement of the extent and character of the work done, and shall indicate the professional status (e.g. attorney, paralegal, law clerk, lay representative or clerical) of the person performing such work and the customary billing rate for each such person." While section 725.366 does not explicitly direct the petitioning attorney to supply the tribunal from which fees are sought with documentation in support of his claims of expertise, the complexity of the case, etc., an attorney who fails to submit such documentation will have a difficult time demonstrating that the tribunal's fee determination is an abuse of discretion.
 
 
 15
 Contrary to the requirements of the regulation, Martin's initial application for fees itemized only the hours of service performed. J.A. at 19-24. Rather than request a specific hourly rate as required by the regulation, Martin sought a sum of $10,341.37, or twenty-five percent of Whitaker's award. J.A. at 20. Additionally, Martin neither alleged nor documented any particular expertise in black lung litigation. Deputy Commissioner Darly Ratliff considered the criteria set forth in 20 C.F.R. Sec. 725.366 and found the services performed by Martin to be of a "routine nature" and "cumulatively requiring no more time than the average case processed before this office." J.A. at 17. This court has recognized that the adjudicating officer before whom the services were performed is generally the best judge of the quality of claimant's representation. See Bankes, 765 F.2d at 82.
 
 
 16
 In the rehearing, District Director Koudry found that the amount of time claimed by Martin for certain tasks was "clearly excessive" and that an hourly rate of $65 was an appropriate and reasonable rate for the time period during which the work was performed. J.A. at 10-11. The BRB held that "the district director properly found that the $65 hourly rate was reasonable, inasmuch as it is within his discretion to determine the hourly rate and this rate is not manifestly unjust." J.A. at 2.
 
 
 17
 Martin asserts that the extraordinary nature of this case is a result of the Act itself. However, every attorney who accepts a black lung case must deal with the same set of complex statutes and regulations and engage in the same adversarial process. Accordingly, we affirm the BRB's finding that Whitaker's case was routine.
 
 IV
 
 18
 For the foregoing reasons, we AFFIRM the Board's approval of a sixty-five dollar hourly fee for sixty-two hours of work, plus $128.95 for expenses, or $4,158.95 total. Inasmuch as Martin has not challenged the invalidation of his twenty-five percent fee arrangement with Whitaker, we ORDER Martin to return all funds being held in escrow to Whitaker.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Specifically the medical reports and other evidence failed to show that Whitaker was totally disabled due to pneumoconiosis, or that he had sufficient coal mine employment to be able to claim any presumption under the Act