**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

H. EARL MOYER,

        Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

        Respondent.

No. 96-9545

(PETITION FOR REVIEW FROM THE BENEFITS REVIEW BOARD)
(No. BRB-95-1170)

Submitted on the briefs:

H. Earl Moyer of Moyer, Beal and Vranesic, Lakewood, Colorado, pro se.

Major John H. Schumacher, Special Assistant United States Attorney, General Litigation Division, Air Force Legal Services Agency, Arlington, Virginia (David J. Christenson, Office of Legal Counsel, Air Force Services Agency, San Antonio, Texas, of Counsel) for Respondent.

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner H. Earl Moyer petitions this court for review of an order of the United States Department of Labor Benefits Review Board (Board) affirming an order awarding attorney's fees to Mr. Moyer entered by the District Director, Fourteenth Compensation District, Office of Workers' Compensation Programs (Director). Mr. Moyer sought the award to compensate him for his work in obtaining benefits for his client under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. He submitted for approval his billing for $3,330.00, representing 14.8 hours of work at a rate of $225.00 per hour. The Director reduced his compensable hours to 12.5 and awarded him $100.00 per hour for his services, for a total award of $1250.00. Mr. Moyer sought Board review of the Director's order. The Board summarily affirmed the Director's award. See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321-211, 219 (1996) (requiring summary affirmance of petitions for review pending before the Board for more than one year).

We review the Board's decision using the same standard of review which the Board applies to the Director's decision. See New Thoughts Finishing Co. v. Chilton, 118 F.3d 1028, 1030 (5th Cir. 1997). We will affirm the Board's decision affirming the Director's attorney fee award unless it is arbitrary and capricious, see Esselstein v. Director, OWCP, 676 F.2d 228, 229-30 (6th Cir. 1982), or unsupported by substantial evidence, see Todd Shipyards Corp. v. Director, OWCP, 950 F.2d 607, 610 (9th Cir. 1991).

Mr. Moyer first asserts a property interest in the gross number of hours billed and in the amount of the fee his client agreed to pay him under the terms of their contract. He claims that he was deprived of this interest without due process, because the Director did not notify him that his billing would be reduced, nor did she allow him to submit additional materials before any reduction was made.

Mr. Moyer did not have a property interest in his $225.00 per hour fee, nor in the gross number of hours submitted for approval. The Director's regulations explicitly provide that "[n]o contract pertinent to the amount of a fee shall be recognized" and that fees are subject to her approval. 20 C.F.R. § 702.132(a). Attorneys seeking to obtain fees without approval are subject to a fine and imprisonment. See 33 U.S.C. § 928(e). We agree with the Fourth Circuit that an attorney who must seek regulatory approval of the reasonableness of his fee has a

property interest only in a reasonable fee, not in the amount specified in a fee contract. See Thomason v. Schweiker, 692 F.2d 333, 336 (4th Cir. 1982).

Second, Mr. Moyer received all the process which was due. The Eighth Circuit has upheld, against a similar procedural due process challenge, a nearly identical process for obtaining fee approval in Social Security benefit cases. See Copaken v. Secretary of Health, Educ. & Welfare, 590 F.2d 729, 731-32 (8th Cir. 1979). For similar reasons to those stated in Copaken, Mr. Moyer's due process challenge fails.

Mr. Moyer next contends that the Director's stated rationale was inadequate to support the reductions she made. The applicable regulation required the Director to consider "the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded." 20 C.F.R. § 702.132(a). The Director explained her decision in part as follows:

> Based on my review there were no novel or complex issues in this case. Lakewood, Colorado is not considered a high cost city with respect to attorney fees. I have also given consideration to Mr. Beal's [sic] limited Longshore experience, the benefits gained by his representation, and the time I feel was necessary to represent [the claimant] . . . . I am approving a fee of $1250.00 based upon 12.5 hours at $100.00 per hour . . . . This reduction of 2.3 hours is represented by reduction of the time spent on March 27, 1992 to 1.5 hours, on April 29, 1992 to .5 hours and on April 30, 1992 to .3 hours.

R. at 57.

Mr. Moyer argues that these findings are insufficient and conclusory. We disagree. The Director applied the statutory criteria to this case, discussed how these criteria applied to the fee reduction, and explained the reductions she had made in the hourly rate and number of hours to be awarded. See Devine v. Atlantic Container Lines, G.I.E., 23 B.R.B.S. 279, 1990 WL 284049, at *7 (1990) (remanding for proper findings on attorney fee issue, with instructions); cf. Diver v. Goddard Mem. Hosp., 783 F.2d 6, 8 (1st Cir. 1986) (upholding similar findings in FLSA case as "amply satisfactory").

Mr. Moyer also challenges these findings on the merits. He provides us, however, with no basis from which to conclude that the Director abused her discretion in making her award.

The judgment is AFFIRMED. Respondent's motion to reform the caption of this case, and Mr. Moyer's motion to file an appellate appendix are GRANTED.