Argued June 4, affirmed June 19, petition for rehearing
denied July 15, 1975

SIMPSON ET AL, *Appellants, v.*
FOWLES ET AL, *Respondents.*

536 P2d 499

*Darrell E. Bewley,* Portland, argued the cause for appellants. With him on the briefs were Francis F. Yunker, Portland, and Burton R. Hendershott and Emily Lynn Knupp, Aloha.

*Bernard B. Brink,* Hillsboro, argued the cause for respondents. On the brief were Mervin W. Brink and Brink & Moore, Hillsboro.

O'CONNELL, C. J.

This is a suit to enjoin defendants from interfering with plaintiffs' use of an easement over defendants' land. Defendants seek a decree quieting title in them by extinguishing the easement. The trial court found that the easement had been extinguished by adverse use. Plaintiffs appeal.

Plaintiffs own the dominant estate consisting of a 20-acre tract of land which adjoins defendants' land on the north. Plaintiffs' predecessor in interest acquired an easement of way along the northerly line of the servient estate to be used for the purpose of ingress and egress to the 20-acre parcel. The easement was created in 1908. The servient estate has been used for the last 35 years as a filbert orchard. The branches of the filbert trees extend over the easement to such an extent that it cannot be used for the movement of vehicles without damaging the trees. The nature of defendants' use and the extent to which the easement was interfered with is described in a letter opinion by the trial court, which reads in part, as follows:

"* * * The evidence in this case establishes (and the view taken by the Court confirms it) that the defendants and their predecessors in interest have been growing filbert trees, in at least one area, entirely across the claimed easement. That is, for a period of approximately thirty five years filbert trees in the defendants' orchard have been planted on and near the easement and have grown to the size where they extend fully across. This condition, together with cultivation activities around and under the trees by defendants, have been observed by the plaintiffs for the period of time in question. * * *

"It is acknowledged that the plaintiffs have moved through the general area to get to their dominant interest parcel. However, it is obvious that some of that movement had to be made across

the ground lying northerly of the claimed easement, that is, across property owned by strangers to this litigation. It simply would not have been possible for them to have moved their mechanized equipment, nor probably even themselves, through the area occupied by the filbert trees. It is significant that the trees show no effects that might be expected from such traffic."

The transcript confirms the trial court's appraisal of the facts. We find that defendants' use of the land over which the easement ran was adverse for the requisite statutory period to extinguish the easement.

The decree of the trial court is affirmed.