641 P.2d 1005

**Gladys A. SHELTON, a married woman dealing with her own separate property, Plaintiff-Respondent,**

v.

**The BOYDSTUN BEACH ASSOCIATION and the officers of the Boydstun Beach Association, Neal Boydstun, President; Richard Baltzor, Vice President; Maude Gullickson, Secretary; and Wendell Gullickson, Treasurer; Valley County, Idaho; and all other persons unknown claiming any right, title, estate, easement, lien or interest in the real property described in plaintiff's complaint, adverse to plaintiff's ownership or any cloud upon plaintiff's title thereto, Defendants-Appellants.**

No. 13866.

Court of Appeals of Idaho.

March 2, 1982.

Paris Martin, Boise, for defendants-appellants.

Allen R. Derr, Boise, for plaintiff-respondent.

BURNETT, Judge.

Gladys Shelton brought a quiet title action against the Boydstun Beach Association, its officers, and other parties. She claimed that by adverse possession she had terminated the Association's easement across her land. The trial court entered judgment extinguishing a portion of the easement. We affirm.

All defendants in this case have been designated as appellants, but the appeal actually appears to be that of the Association. The Association has asked us to examine the tests for extinguishing an easement by adverse possession, and to determine whether the tests were met. Shelton has raised the question of attorney fees on appeal, and we deal with that issue separately.

In 1946, Gladys and Perc Shelton purchased land bordering Payette Lake. Their deed recited that the parcel was subject to existing easements. An earlier recorded instrument created an easement seventy-five feet wide, running along the beach, parallel to the water line. This instrument recited the purposes of the easement as boating, bathing, driving and parking.

In 1947, the Sheltons constructed a retaining wall within the easement, along the high water line. They planted grass and flowers behind the wall in 1948. They then erected fences on either side of their property, running back from the retaining wall, across the easement. Neither fence had a gate. Perc Shelton testified at the trial that the fences were maintained until 1975 or 1976, when he replaced one fence with a row of trees.

In 1976, the Sheltons recorded a quitclaim deed from Perc to Gladys, making her the sole owner of the property. In 1979, she filed this lawsuit. Following a trial, the district court entered judgment extinguishing that portion of the easement which had been enclosed and improved.

I

In general, a party asserting adverse possession under an oral claim of title must prove by clear and satisfactory evidence that he or she has been in possession of the property for at least five years, and that the possession has been actual, open, visible, notorious, continuous, and hostile to the party against whom the claim of adverse possession is made. I.C. §§ 5–209, –210.

*E.g., Swanson v. State,* 83 Idaho 126, 358 P.2d 387 (1961); *Pleasants v. Henry,* 36 Idaho 728, 213 P. 565 (1923). The Association asserts that Shelton did not establish the elements of exclusivity and hostility. When applied to extinguishment of an easement, we deem these elements to require that the land owner use the property within the easement in a manner wholly inconsistent with enjoyment of the easement. *E.g., Simpson v. Fowles,* 272 Or. 342, 536 P.2d 499 (1975); *Desotell v. Szczygiel,* 338 Mass. 153, 154 N.E.2d 698 (1958); *Glatts v. Henson,* 31 Cal.2d 368, 188 P.2d 745 (1948). *See generally* Annot., 25 A.L.R.2d 1265, 1322 (1952); 25 Am.Jur.2d, *Easements and Licenses,* § 110.

In this case, the Sheltons constructed a retaining wall, erected fences, and planted grass and flowers within the easement. These improvements were inconsistent with the express purposes of boating, bathing, driving and parking, set forth in the grant of easement. The trial court found, from evidence it deemed "clear and convincing," that the Sheltons had prevented use of the property for the stated purposes. This finding is supported by substantial and competent, though conflicting, evidence. It is not clearly erroneous and will not be set aside. I.R.C.P. 52(a); *cf., In re Estate of Cooke,* 96 Idaho 48, 524 P.2d 176 (1974). The judgment of the trial court is affirmed.

## II

Shelton requests an award of attorney fees on appeal. This presents a close question. In disputing the trial court's findings, the Association has been unable to do more than point to conflicts in the evidence. As noted above, a trial court's findings will not be set aside unless they are clearly erroneous. However, the legal requirements articulated in this opinion, for extinguishing an easement by adverse possession, are based upon authorities from other jurisdictions. This appeal has helped to develop Idaho case law on the subject.

We are not left with the "abiding belief that the appeal in this case was brought

... frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Therefore, attorney fees on appeal are denied. Costs to respondent.

WALTERS, C. J., and SWANSTROM, J., concur.