813 P.2d 876

Helen P. KOLOUCH, individually, and Helen P. Kolouch, as personal representative of the estate of Fred T. Kolouch, deceased, Plaintiffs-Respondents,

v.

Werner H. KRAMER and Marjorie Kramer, husband and wife, Defendants-Appellants.

No. 18764.

Supreme Court of Idaho, Twin Falls, March 1991 Term.

June 25, 1991.

**66**

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, for defendants-appellants. Fritz A. Wonderlich argued.

Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, for plaintiffs-respondents. Lloyd J. Webb argued.

BAKES, Chief Justice.

This is an action by plaintiffs Kolouchs (Kolouch) to quiet title to an easement by written grant. Kolouch received a deeded easement over property now owned by defendants/appellants (Kramer). Kramer defended the action by arguing that the easement had been extinguished through adverse possession. The trial court quieted title in Kolouch, and Kramer has appealed this ruling.

On February 26, 1959, Kolouch purchased Lot 10 of the Holohan Addition, Twin Falls County, Idaho, except the east 125 feet thereof, from John P. Smith and Thelma P. Smith. The deed conveying the property to Kolouch included an easement. The language granting the easement stated, "Together with an easement and right of way for ingress and egress over and across the north 25 feet of the east 125 feet of said Lot 10." The conveyance was recorded in the office of the Twin Falls County Recorder on March 2, 1959. Kolouch maintains that their purpose in acquiring Lot 10 was to ultimately commercially develop the vacant, unimproved real property there situated by constructing a retirement home thereon.

On September 15, 1959, Kolouch purchased from one Stephenson approximately 2.5 acres, a part of the Ochalara Subdivision, Twin Falls County, Idaho, situated just north of the Lot 10 area which Kolouch had purchased from the Smiths. As part of the grant, Stephenson, like Smith, reserved the east 125 feet of the Ochalara Subdivision property which he owned, but granted to Kolouch an easement across the south 25 feet of the retained portion. This easement is immediately north of the easement area granted by Smiths to Kolouch and, when combined therewith, gave Kolouch a 50–foot easement for access to the property lying to the west of the property retained by Smith and Stephenson. The Stephenson easement provided that it was "for the purpose of constructing a road." The combined easement area, if constructed into a road and dedicated to the city, would constitute an extension of Heyburn

Avenue which joins Martin Street perpendicularly from the east, directly across Martin Street from the east portion of the two easements.

On August 23, 1967, Kramer purchased the east 125 feet of Lot 10, except the south 174 feet thereof, Twin Falls County, Idaho, from the Smiths. No reference was made in Kramer's deed to the existence of the recorded Kolouch easement. Kramer required and obtained title insurance in connection with the property acquisition, but the title insurance made no reference to the easement, although the easement was clearly of record at the time of the Kramer purchase. Kramer apparently made no independent search of the title at the county recorder's office.

At the time Kramer acquired the subject property, there was a utility pole, a board fence, and some trees in the easement area. Subsequently, Kramer planted six spruce trees down the center of the easement, planted other trees within the easement, constructed a fence inside the northerly boundary of the easement, and a concrete irrigation diversion at the east end of the easement. Kramer also placed several large boulders at the east end of the easement. Kramer maintains that, although there were physical impediments within the easement area at the time he acquired the property, the easement was still open for ingress and egress, and it was only after he planted the trees, etc., that the easement was no longer open to use. On the limited occasions that respondents have sought access to their portion of Lot 10, they have used a private roadway over the Stephenson easement, immediately to the north of the subject property.

The trial court found that the easement over the Kramer parcel was of considerable commercial value to Kolouch in that, when combined with the Stephenson easement, it gave them 50 feet of right of way as access, sufficient for a public access to their property situated to the west. One of Kolouch's witnesses at trial testified that a 50–foot width is necessary to obtain a commercially usable right of way for two-way traffic.

Kolouch now wishes to develop the property situated to the west of the Kramer property and to pave an access road over the two easements in order to service the property. In pursuit of that goal, Kolouch filed a complaint for declaratory relief on June 5, 1989, requesting a declaration that they are the owners of the 25–foot easement over the Kramer property, and further declaring that they are entitled to use the described easement for ingress and egress and for whatever further relief as the court deemed proper.

The case went to trial before the court, sitting without a jury. The district court ruled in part that Kolouch "is entitled to a judgment declaring his right to an easement to build a paved road across the north 25 feet of the Kramer property. That easement has not been extinguished by adverse use or adverse possession." Thereafter, judgment was entered declaring Kolouch to have an easement for ingress and egress across the Kramer property. Kramer appealed from this judgment.

■ The rule is well settled that mere non-use of an easement by grant does not effect an abandonment of the easement. As we stated in *Quinn v. Stone*, 75 Idaho 243, 250, 270 P.2d 825, 832 (1954):

[M]ere non-use of an easement by grant does not show abandonment nor does mere non-use or deferment or non-exercise of an easement by grant result in the statute of limitations barring the easement.

■ The present case involves an easement by written grant which has not been used by the Kolouchs (owners of the easement) since its creation. It was not until sometime around June of 1989 that the Kolouchs decided to use the easement by developing a road thereon for commercial purposes. That desire prompted their filing of the complaint for declaratory relief. Under the holding in *Quinn v. Stone, supra,* it is clear that no abandonment has taken place, as mere non-use is insufficient to work an abandonment. Where the defense to the claim is adverse possession, the party asserting such a defense must prove by clear and satisfactory evidence

that he or she has been in exclusive possession of the property for at least 5 years and that the possession has been actual, open, visible, notorious, continuous, and hostile to the party against whom the claim of adverse possession is made. I.C. §§ 5–208–210; *Swanson v. State*, 83 Idaho 126, 358 P.2d 387 (1961); *Shelton v. Boydstun Beach Ass'n*, 102 Idaho 818, 641 P.2d 1005 (Ct.App.1982). Since the owner of the servient estate owns the underlying fee, and has the right to use his entire land for any purposes not inconsistent with the rights of the holder of the dominant easement, the use by the servient estate must be truly inconsistent. *Reynolds Irrigation District v. Sproat*, 69 Idaho 315, 206 P.2d 774 (1949); *Thompson v. Smith*, 59 Wash.2d 397, 367 P.2d 798 (1962).

Appellants claim that they have successfully fulfilled all the requirements necessary to sustain a claim of adverse possession, relying on *Shelton v. Boydstun Beach Ass'n, supra,* to support their position. In *Shelton*, the plaintiffs had purchased beach property bordering a lake, subject to an easement held by defendants to cross the property for the express purpose of boating, bathing, driving, and parking. The plaintiffs constructed a retaining wall across the easement and planted grass and flowers behind the wall the following year. They then erected fences on either side of their property, running back from the retaining wall across the easement. The fences had no gates. The trial court found that the plaintiffs had prevented association members from using the property for the express purpose of the easement and that the easement had therefore been extinguished by adverse possession. That holding was affirmed on appeal. *Shelton v. Boydstun Beach Ass'n, supra.*

The trial court in the present action recognized that *Shelton* bore a factual resemblance to this case but felt that *Shelton* was distinguished by the fact that the easement involved in *Shelton* was "being used, at least spasmodically, and [was] actually interfered with," whereas the easement in the present case had never been used by the Kolouchs. Appellant contends that this distinction has no basis in fact and that

there is no such finding in the *Shelton* opinion. We disagree. The record in *Shelton* reveals that the easement was in fact being used periodically for the purpose for which it was designed and that the plaintiffs were forced on several occasions to actually chase people off the easement area. As the trial court noted in its Findings of Fact and Conclusions of Law, "It is also clear that this use of the property by the Sheltons prevented the use of that property by others for the express purposes of the easement ..." Given this distinction, we think the trial court in this case correctly distinguished the holding in *Shelton* from other cases where the easement had not been used by the holder of the dominant estate. See, e.g. *Castle Associates v. Schwartz*, 407 N.Y.S.2d 717, 63 A.D.2d 481 (1978); *City of Edmonds v. Williams*, 54 Wash.App. 632, 774 P.2d 1241 (1989); *Thompson v. Smith*, 59 Wash.2d 397, 367 P.2d 798 (1962).

In the *Castle Associates* case, the court enunciated a rule to cover situations where, as here, the owner of the dominant estate had not had occasion to use the easement. The court stated:

[W]here an easement has been created but no occasion has arisen for its use, the owner of the servient tenement may fence his land and such use will not be deemed adverse to the existence of the easement until such time as (1) the need for the right of way arises, (2) a demand is made by the owner of the dominant tenement that the easement be opened and (3) the owner of the servient tenement refuses to do so.

63 A.D.2d at 487, 407 N.Y.S.2d at 723. Applied here, we may paraphrase this rule to read that where the easement was created, but no occasion has arisen for its use, the owner of the servient tenement may plant trees, erect a fence, etc. and such use will not be deemed to be adverse (or inconsistent, to use *Shelton's* term), until the need to use the easement arises, etc. We think this rule makes sense in light of the well established rule that the owner of the servient estate is entitled to use his land, even though encumbered by an easement,

for any purpose not inconsistent with the purpose reserved in the easement. Accordingly, Kramer's use of his property which was subject to the easement has not been adverse or inconsistent with the Kolouchs' rights prior to the time the Kolouchs' need to use the easement arose, and the trial court's finding to that effect was not clearly erroneous. I.R.C.P. 52(a).

 We next turn to appellants' contention that, even if the easement was not extinguished by adverse possession, the language in the deed creating the easement should be limited to its plain terms, *i.e.*, "a right of way for ingress and egress," which does not include the right to build a road. The trial court interpreted the language in the deed otherwise.

In construing an easement in a particular case, the instrument granting the easement is to be interpreted in connection with the intention of the parties, and the circumstances in existence at the time the easement was granted. Moreover, a majority of jurisdictions that have considered the issue have held that the easement owner is entitled to do such things as are reasonably necessary for the use of the easement. See, e.g., *Carson v. Elliott*, 111 Idaho 889, 728 P.2d 778 (Ct.App.1986); *Herzog v. Grosso*, 41 Cal.2d 219, 259 P.2d 429 (1953); *Fristoe v. Drapeau*, 35 Cal.2d 5, 215 P.2d 729 (1950). The question of whether a particular use of an easement is reasonable and commensurate with the intention of the parties when the easement was granted is generally a question of fact for the trial court and its findings will not be disturbed if supported by substantial and competent evidence. *Barber v. Honorof*, 116 Idaho 767, 780 P.2d 89 (1989); *Pointner v. Johnson*, 107 Idaho 1014, 695 P.2d 399 (1985).

Here, the trial court found that the construction of a road was reasonable and consistent with the parties' intent. The trial court stated:

> Since the language involved herein neither expressly granted or denied the right to build a road, the intention of the parties to the original conveyance will be given effect. The evidence shows that it

was contemplated that the Kolouch property was to be commercially developed and that a road would be built. Accordingly, the easement does give plaintiff a right to construct a road through its boundaries.

There was substantial evidence to support this finding of the trial court. Accordingly, the decision of the district court is affirmed. *Quinn v. Stone*, 75 Idaho 243, 270 P.2d 825 (1954); *Shelton v. Boydstun Beach Ass'n.*, 102 Idaho 818, 641 P.2d 1005 (Ct.App.1982).

Costs to respondents. No attorney fees on appeal.

BISTLINE, JOHNSON, BOYLE and McDEVITT, JJ., concur.