837 P.2d 812

**EAST LIZARD BUTTE WATER CORPORATION, an Idaho non-profit corporation, Plaintiff–Respondent,**

v.

**William E. HOWELL and Mary J. Howell, the statutory trustees of Contract Mortgage Corp., a defunct Idaho corporation, Defendants–Appellants.**

No. 18583.

Court of Appeals of Idaho.

Nov. 29, 1991.

William E. Howell and Mary J. Howell, pro se.

Schiller & Schiller, Nampa, for plaintiff-respondent. James A. Schiller, argued.

SILAK, Judge.

This case involves a summary judgment in an adverse possession case. East Lizard Butte Water Corporation (ELBWC) operates a water system in a mobile home development in Canyon County. ELBWC brought a claim to quiet title to the lots on which the water wells are located, claiming title to the lots under a theory of adverse possession. The district court granted summary judgment to ELBWC on the basis that it had adversely possessed the well lots for more than five years. The defendants appeal from this decision, arguing that factual disputes exist regarding whether the possession was adverse or permissive. We vacate the judgment of the district court and remand this case for further proceedings.

John and Betty Hagen owned and developed Hagen's Mobile Estates. The development contains two separate residential subdivisions. The Protective Covenants and Regulations for the two subdivisions were recorded in 1971 and 1972 respectively. The two subdivisions contain three separate well lots. Both the 1971 and 1972 protective covenants contain a clause which states:

> Water is to be supplied through a system operated by a non-profit cooperative water association, which shall maintain and operate various wells in the subdivision. Each lot owner shall receive a certificate for shares in such association.

One of the lot-owners stated in an affidavit submitted in support of summary judgment that representations had been made to several of the owners, at the time they purchased their own lots, that the well lots would be transferred to a non-profit corporation which, in turn, would operate the water system.

Sometime in the mid–1970s, the Hagens sold their remaining interest in the mobile home development. The lots which had not been sold to individual owners, including

the well lots, were transferred to Contract Management Corporation (CMC). CMC forfeited its corporate status on November 30, 1978. The last known directors of the corporation were William E. Howell and Mary J. Howell. They are the statutory trustees of CMC and the named defendants in this case.

ELBWC is a non-profit Idaho corporation which was formed in 1976 for the purpose of operating the water system in the two subdivisions. At the time the corporation was formed, no one was operating the water system for the subdivision and the power to the wells was shut off because the bills had not been paid. The residents of the subdivision formed their own water corporation, which is the plaintiff in this case. ELBWC installed new equipment, paid the irrigation taxes, and kept the well lots landscaped.

In the late 1980s, the water from the wells became unfit for human consumption. The residents of the subdivision had to carry in their own drinking water. ELBWC applied for a loan from the Farmers' Home Administration to improve the wells, but the lender requires that the entity applying for the loan have title to the well lots. Because ELBWC needs legal title to the well lots in order to obtain the federal grant to improve the water system, it sued to quiet title to the well lots which were still held in the name of Contract Mortgage Corporation. In the amended complaint, the plaintiff asserts that it has been in possession of the well lots for five years, and that the possession has been "actual, open, visual, notorious, continuous and hostile to the defendants."

The district court held a hearing on the motion for summary judgment. On the day of the hearing, William Howell submitted an affidavit in opposition to the motion for summary judgment, which essentially stated that ELBWC's use of the lots was permissive and not hostile. The affidavit stated specifically that: "CMC entered into an agreement with a Mr. Vaughn and some other lot owners in the subdivision whereby they [Mr. Vaughn and the other lot owners] would operate the wells and collect from the users until something better could be worked out." The district court accepted the affidavit over an objection from the plaintiff. The question presented to us on appeal is whether a triable issue of fact exists regarding the alleged hostile possession of the well lots which would preclude the entry of summary judgment.

■■■ Summary judgment shall be granted to the moving party "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). In ruling upon a motion for summary judgment, all disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Bonz*, 119 Idaho at 541, 808 P.2d at 878. The burden of proving the absence of a genuine issue of material fact rests at all times upon the moving party. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). However, to withstand a motion for summary judgment, the non-moving party's case must consist of more than speculation; it must create a genuine issue regarding a material fact. *G & M Farms*, 119 Idaho at 517, 808 P.2d at 854. A mere scintilla of evidence is not enough to create a genuine issue. *Id.* Where, as here, a jury has been requested, the non-moving party is entitled to the benefit of reasonable inferences drawn from the evidentiary facts. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Whitlock v. Haney Seed Co.*, 110 Idaho 347–48, 715 P.2d 1017–18 (Ct.App. 1986).

■■ In general, a party asserting adverse possession under an oral claim of title must prove by clear and satisfactory evidence that he or she has been in possession of the property for at least five years, and that the possession has been actual, open, visible, notorious, continuous, and hostile to the party against whom the claim

of adverse possession is made. *Shelton v. Boydstun Beach Ass'n*, 102 Idaho 818, 819, 641 P.2d 1005, 1006 (Ct.App.1982). The Howells assert that there is a question of fact regarding whether ELBWC's use of the property on which the well lots are located was permissive or hostile. We agree.

■ Looking at the facts presented in the light most favorable to the Howells, the non-moving parties, there is a question of fact as to whether the conversations between William Howell and the other residents of Hagen's Mobile Estates took place, and if they did, whether Howell did, in fact, tell the residents that they could use the well lots until some other arrangement could be worked out. In addition, the covenants themselves permit a non-profit cooperative water association to maintain and operate various wells in the subdivision. Because there is a question of fact regarding whether ELBWC established the element of hostility, it was inappropriate for the district court to enter summary judgment in favor of ELBWC. Accordingly, we vacate the summary judgment and the decree quieting title to the property in question, including that part of the decree awarding attorney fees against the defendants, and remand the case for further proceedings consistent with this opinion. Because the appellants are pro se, we award no attorney fees to them on appeal. *O'Neil v. Schuckardt*, 112 Idaho 472, 480, 733 P.2d 693, 701 (1987). Costs to appellants pursuant to I.A.R. 40.

WALTERS, C.J., and SWANSTROM, J., concur.