913 P.2d 76

**John S. STANLEY and Lynn M. STANLEY, husband and wife, Plaintiffs–Appellants,**

**v.**

**Rob McDANIEL, individually, and in his agency capacity, and John H. Harland Company, Defendants–Respondents.**

**No. 21912.**

Court of Appeals of Idaho.

Feb. 27, 1996.

Rehearing Denied March 15, 1996.

Lojek & Strother, Chartered, Boise, for appellants. Jeffrey A. Strother, argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for respondents. Warren E. Jones, argued.

WALTERS, Chief Judge.

A jury rendered a verdict in favor of John and Lynn Stanley on the Stanleys' claim for damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The Stanleys were awarded $30,416.60 in damages on John Stanley's allegation that he had been subjected to retaliatory discharge from his employment. In addition, the district court awarded to the Stanleys $15,208.30 in attorney fees and $2,265.29 in costs. The Stanleys appeal, arguing that the district court erred in not awarding greater amounts as attorney fees and costs. We hold that the district court abused its discretion in arriving at the amounts to be awarded as attorney fees and costs. Accordingly, we vacate those awards and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On December 1, 1993, John and Lynn Stanley, husband and wife, filed a complaint against John Stanley's former supervisor, Rob McDaniel, and his former employer, John Harland Company ("respondents"). The complaint alleged breach of an employment contract, including the covenant of good faith and fair dealing, the tort of outrageous conduct, and retaliatory discharge in violation of the FLSA. Lynn Stanley's claim for damages was based upon loss of consortium. In total, the Stanleys claimed damages in the amount of $62,000 for breach of contract, $350,000 for personal injury, and prayed for punitive damages, attorney fees and costs.

On November 23, 1994, the trial court granted partial summary judgment to the respondents and dismissed with prejudice all claims except John Stanley's cause of action alleging retaliatory discharge under the FLSA. A jury trial was held and the jury returned a verdict awarding $15,208.30 in damages to the Stanleys, which amount the

court doubled pursuant to the liquidated damages provision of 29 U.S.C. § 216(b). The Stanleys filed a motion to amend the judgment to allow costs of $3,620.25 and $43,527.50 in attorney fees. After a hearing, the district court amended the judgment to allow costs of $2,265.29 and attorney fees of $15,208.30.[1] The Stanleys appeal from the amounts awarded as attorney fees and costs, arguing that the district court abused its discretion in not awarding greater amounts.

## ANALYSIS

Section 216 of the FLSA provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Stanleys argue that the amounts awarded as attorney fees and costs constituted an abuse of the district court's discretion.

### A. Attorney Fees

■ An award of attorney fees to a prevailing plaintiff under Section 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the trial judge. *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 203, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir.1985). Thus, this Court must determine " 'whether the lower court abused that discretion by awarding an unreasonable fee.' " *Fegley, supra* (citation omitted).

The Stanleys first argue that the court erred in applying a state rule, I.R.C.P. 54(e)(3), rather than federal law, · when

awarding the attorney fees. They argue that the award of attorney fees in FLSA actions, even in state court proceedings, is governed exclusively by federal law. The respondents argue that even if the Stanleys are correct that federal law is applicable when determining reasonable attorney fees under the FLSA, federal law and I.R.C.P. 54(e)(3) are consistent; therefore, any erroneous reliance on a state rule rather than federal law was harmless.

We agree with the respondents that I.R.C.P. 54(e)(3) and federal law are substantially similar. Rule 54(e)(3) embraces eleven of the twelve factors which the federal courts have stated are relevant in determining reasonable attorney fees under federal fee-shifting provisions. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714 (5th Cir.1974).[2] *See also Lyle v. Food Lion, Inc.,* 954 F.2d 984 (4th Cir.1992); *Diver v. Goddard Memorial Hosp.,* 783 F.2d 6 (1st Cir.1986); *Hale v. Walsh,* 113 Idaho 759, 772, 747 P.2d 1288, 1301 (Ct.App.1987) ("In [*Hensley*], the United States Supreme Court approved utilization of twelve factors to be considered in awarding reasonable attorney fees under section 1988. They are similar to criteria set forth in Rule 54(e)(3), I.R.C.P.").

■ However, we conclude that federal law provides a very specific framework for analyzing the reasonableness of attorney fees under federal fee-shifting provisions and that this federal framework must be followed in analyzing the reasonableness of attorney fees under the FLSA. *See Lubcke v. Boise City/Ada Cty. Hous. Auth.,* 124 Idaho 450, 468, 860 P.2d 653, 671 (1993) (analyzing the issue

---

1. The Stanleys subsequently acknowledged receipt of the retaliation damages awarded by the court in full satisfaction as to that portion of their claim, but excluding the awards for attorney fees and costs. They assigned to their attorney, Donald Lojek, any cause of action regarding the award of attorney fees and costs. However, because the Stanleys are named as the appellants in the Notice of Appeal filed in this case, we refer to the Stanleys, rather than Lojek, as the appellants although it is actually Lojek who is pursuing this appeal.

2. The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–719.

of attorney fees under the federal Civil Rights act using federal precedent); *Shields v. Martin*, 109 Idaho 132, 141–42, 706 P.2d 21, 31–31 (1985) (same); *Hale v. Walsh, supra. See also Eakin v. Ascension Parish Police Jury*, 294 So.2d 527, 530 (La.1974) (court accepts holding of Fifth Circuit regarding attorney fees under FLSA "since the area is governed exclusively by federal law"). We further conclude that the district court did not comply with the federal law's framework in determining reasonable attorney fees in this case.

 In *Hensley*, the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433, 103 S.Ct. at 1939. This amount is known as the "lodestar." *See* BLACK'S LAW DICTIONARY 941 (6th ed. 1990) *citing Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir.1982). In determining the lodestar, the trial court "should exclude from this initial fee calculation hours that were not 'reasonably expended'" as "cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939 (citation omitted). The twelve factors articulated in *Johnson* and approved in *Hensley* are "usually subsumed within the initial calculation" of the lodestar. *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

 After calculating the lodestar, the trial court may, pursuant to *Hensley*, "adjust the fee upward or downward," taking into account the "important factor of the 'results obtained'" and the other factors articulated in *Johnson* which are not subsumed in determining the lodestar. 461 U.S. at 434 & n. 9, 103 S.Ct. at 1940 n. 9. *See also Herrington v. County of Sonoma*, 883 F.2d 739, 746 (9th Cir.1989); *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir.1988) ("[T]he relief obtained justifies a lower fee if plaintiffs fail to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims."). As the Supreme Court explained:

> If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

*Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941. *See also Lubcke*, 124 Idaho at 468, 860 P.2d at 671. In determining how to reduce the total award where the plaintiff achieves limited success, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37, 103 S.Ct. at 1941. In its more recent decisions, the Supreme Court has, to a certain extent, modified the *Hensley* analysis by holding that "the 'results obtained' generally will be subsumed within other factors used to calculate a reasonable fee," and that this factor "normally should not provide an independent basis for increasing the fee award." *Blum v. Stenson*, 465 U.S. 886, 900, 104 S.Ct. 1541, 1549–50, 79 L.Ed.2d 891 (1984). *See also Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir.1988) ("We, too, have acknowledged that the 'results obtained' is among the factors that are ordinarily subsumed in the lodestar.").

In the present case, although the district court stated that it would analyze "the attorney time reported and the average hours reported," and discussed factors relating to reasonable time and reasonable rate, there does not appear in the record a calculation of the lodestar amount. In fact, it is unclear from the record what methodology the court did employ to establish reasonable attorney fees. We agree with the Stanleys that at one point in the hearing, the district court appears to have restricted the fees to a percentage of the damages.[3] During the hear-

---

3. No agreement setting forth the fee arrangement between the Stanleys and their attorney appears in the record.

ing regarding attorney fees and costs,[4] the following colloquy occurred:

> [THE COURT] ... I'm going to assume that this was a relatively standard contingent fee. I'm going to assume that that would reflect a contingent fee in the area of one third of the net recovery. I'm going to find that the net recovery in this case is ... $30,416.60. I'm going to regard an attorney fee that will net to the client that amount, and award a gross one third thereof to the counsel. So I'm going to award $15,208.30 as attorney fees. I'm taking into that account items which I might otherwise take into account such as the per diem, and expenses, etc., and conclude that those items are subsumed within the fee.

> [DEFENSE COUNSEL]: You fixed the figure the same as the verdict?

> THE COURT: Exactly.

> [DEFENSE COUNSEL]: Attorney fee will be what the verdict was before doubling.

> . . . . .

> THE COURT: Gross verdict of 45 thousand and change, one third thereof attorney fees, and a net on the gross verdict of $30,416.16 to the plaintiff. Plus the costs that I allowed.

■■■ Under federal precedent, a court may consider the contingent-fee nature of a case in determining the lodestar amount. *See Hensley, supra; Johnson, supra. See also Pennsylvania v. Del. Valley Citizens Council,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1986). However, we agree with the Stanleys that limiting attorney fees in an FLSA case to the amount expected under a contingent fee agreement is not permitted. *See Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989) ("The *Johnson* contingency-fee factor is simply that, a factor.... [A] contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees...."). *See also Quesada, supra.* As stated in *Lyle,* 954 F.2d at 988:

Because we understand the Supreme Court's most relevant decisions firmly to have "adopted the lodestar approach as the centerpiece of attorney's fee awards," [citations omitted] we must conclude that it was an abuse of discretion for the district court here to forego the lodestar approach and to calculate reasonable attorney's fees by adopting instead the attorney's customary contingent-fee arrangement of 20 percent of the recovery. The Supreme Court has held that "[t]he contingent-fee model, premised on the award to an attorney of an amount representing a percentage of the damages, is ... inappropriate for the determination of fees under § 1988," *Blanchard,* 489 U.S. at 96, 109 S.Ct. at 946, and we are satisfied that this implies that the contingent-fee approach is inappropriate under the FLSA as well.

Thus, if the court did indeed limit attorney fees to the amount expected under a contingent fee agreement, this would have constituted an abuse of discretion.

■■■ However, we again note that it is difficult to determine the approach taken by the district court, because of the inconsistencies in the record. At another point during the hearing it appears that the court simply relied on the results obtained in calculating attorney fees. At the conclusion of the hearing the court summarized the grounds for its decision as follows: "How successful were you? I'm going to say[,] a little bit[,] and that's the basis of this ruling." The Stanleys argue that although a court may consider the results obtained in calculating reasonable attorney fees, a court may not place undue emphasis on the results obtained. We agree. *See Fegley, supra; Quesada, supra.* This is not to say that a district court is prohibited from determining that certain factors are more relevant or important in a particular case than others. *See Newhouse v. Robert's Ilima Tours, Inc.,* 708 F.2d 436, 441 (1983). However, the court may not place undue emphasis on the results obtained in calculating attorney fees under the FLSA.

---

**4.** The district court's findings during the hearing constituted the findings of fact regarding attorney fees and costs in this case.

■ Moreover, in analyzing the results obtained, the court should not deduct for hours expended on unsuccessful claims where those claims are "substantially related to or sufficiently intertwined with [the p]laintiff's FLSA claims so as to be considered 'reasonable' as attorney fees." *Lomas v. Kolb–Lena Cheese Co., Inc.,* 720 F.Supp. 110, 114 (N.D.Ill.1989). *See also Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1053 (9th Cir.1991); *Diaz v. Robert Ruiz, Inc.,* 808 F.2d 427, 429 (5th Cir.1987).

Consistent with federal law, the court, in determining reasonable fees under the FLSA, should first calculate the lodestar, taking into account the twelve factors articulated in *Johnson, supra.* If the court adjusts the lodestar upward or downward, it must do so "on a principled basis, clearly explained by the court." *Lyle,* 954 F.2d at 989, *citing Blum,* 465 U.S. at 898–901, 104 S.Ct. at 1548–1550. *See also D'Emanuele v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379 (9th Cir.1990). Our review of the record indicates this was not done consistently here.

Because the court did not comply with federal precedent in calculating reasonable attorney fees under the FLSA, we hold that the award of attorney fees constituted an abuse of discretion. Accordingly, we remand this case to the district court for a redetermination of reasonable attorney fees based on the applicable federal law.

**B. Costs**

The Stanleys requested $3,620.25 in costs but were awarded $2,265.29. They argue that the district court erroneously limited their allowable costs to those permitted under I.R.C.P. 54(d)(1) and that the application of federal law would have resulted in a more generous award of costs.

■ "Costs under fee-shifting statutes such as the FLSA include all reasonable out-of-pocket expenditures." *Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 726 (N.D.Ill.1988). The prevailing party may recover those reasonable "out-of-pocket costs not normally absorbed as part of law firm overhead...." *Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir.1983).

■ The only finding to which the Stanleys specifically object is the court's finding that travel expenses for their attorney to attend depositions in Atlanta, Georgia, and in Denver, Colorado, were not reimbursable costs. The court denied these expenses as costs, but stated that it would consider the expenses when ruling on attorney fees.[5] Because we conclude that these expenses, if reimbursable, would be allowed as costs and not as part of attorney fees, we agree with the Stanleys that the district court's finding on this matter constituted an abuse of discretion. We remand to the district court for a determination of whether travel expenses for the Stanleys' attorney to attend the depositions in Atlanta and Denver were reasonably incurred and therefore chargeable to the respondents as costs.

**C. Attorney Fees on Appeal**

■ The Stanleys argue that they are entitled to additional attorney fees on appeal. When an FLSA case is appealed, the appellate court has discretion to award attorney's fees expended on the appeal. *Local 2203 v. West Adams Cty. Fire Protection D.,* 877 F.2d 814, 821 (10th Cir.1989). *See also Montalvo v. Tower Life Bldg.,* 426 F.2d 1135, 1150 (5th Cir.1970). This appeal was not "defended frivolously, unreasonably or without foundation." *See* I.R.C.P. 54(e)(1). Indeed, this case involved an issue of first impression in this state, *i.e.,* what the applicable standards are when determining "reasonable" attorney fees under the FLSA. Accordingly, we deny the Stanleys' request for attorney fees on appeal. *Abbott v. Nampa School Dist. No. 131,* 119 Idaho 544, 808 P.2d 1289 (1991); *Suchan v. Suchan,* 106 Idaho 654, 682 P.2d 607 (1984); *Gillingham v. Swan Falls Land*

5. At one point, the court stated, "I find that the travel expense to and from deposition for counsel is not an item of taxable cost. It's an item that ... I'll take into account when we discuss attorney fees ..." Additionally, later during the hearing, the following colloquy occurred:

[RESPONDENT'S ATTORNEY]: I missed one thing. I think I heard you on travel expense for Mr. Lojek. That's denied as a cost?

THE COURT: Deny it as cost but listen to you all if you want to bring it back in or take it into consideration in arguing for attorney fees.

*& Cattle Co.,* 106 Idaho 859, 683 P.2d 895 (Ct.App.1984); *Shelton v. Boydstun Beach Ass'n,* 102 Idaho 818, 641 P.2d 1005 (Ct.App. 1982). *See also, Local 2203, supra.*

## CONCLUSION

We hold that the district court's determination of attorney fees and costs did not comply with federal law and constituted an abuse of the court's discretion. Accordingly, we remand for a redetermination of attorney fees and costs consistent with this opinion.

Costs, but not attorney fees, are awarded to the Stanleys for this appeal.

LANSING and PERRY, JJ., concur.