917 P.2d 1310

**Rick R. WINN and Michele Winn, husband and wife, Plaintiffs–Respondents,**

v.

**Brent EATON and Patty Eaton, husband and wife, Defendants–Appellants.**

No. 21660.

Court of Appeals of Idaho.

April 3, 1996.

Rehearing Denied May 14, 1996.

Rosholt, Robertson & Tucker, Twin Falls, for appellants. Bruce M. Smith, Boise, argued.

Beer & Cain, Boise, for respondents. Stephen L. Beer, argued.

PER CURIAM.

This case involves a dispute over an easement. Rick and Michele Winn filed suit against Brent and Patty Eaton, seeking a determination of the Winns' right to a thirty-foot wide easement extending from a paved, public road, past the Eatons' home, to the Winns' residence. The district court concluded that the full width of the easement continued to exist and that a portion of it had not been extinguished by improvements made by the Eatons. The Eatons have appealed from the judgment entered in favor of the Winns. For the reasons stated, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

■ The Winns' property and the Eatons' property were originally a single parcel of land owned by Connie Thorngren fronting on Boise Avenue, a public street, in the city of Boise. In 1985, Thorngren divided the property. She sold one parcel including the Boise Avenue frontage to David L. Lew and Susan M. Hronek, and sold the adjacent parcel, located south of Lew's and Hronek's property, to Rick and Michele Winn. As part of both sales, Thorngren granted a thirty-foot wide easement along the west side of Lew's and Hronek's property to provide access to the parcel sold to the Winns. At the time of these two sales, there was an existing common driveway thirteen to twenty-one feet in width within the easement. The remaining portion of the area covered by the easement was fenced pasture and had never been used for access. In 1987, Lew and Hronek sold their property, subject to the easement, to Brent and Patty Eaton. Subsequent to their purchase, the Eatons constructed a home on the property, poured a concrete driveway, landscaped around the house, and rebuilt a fence. The driveway, the fence, the lawn and some trees and bushes encroached upon the thirty-foot wide easement extending to the Winns' property, but did not impair the use of the narrower common driveway.

Later, when the Winns decided to sell their property, the Winns were required to confirm that the thirty-foot easement, which constituted the only means, of record, for ingress and egress to and from the Winns' residence, continued to exist notwithstanding the improvements and encroachments made by the Eatons. The Winns contacted the Eatons who refused to confirm the Winns' easement right. The Winns then filed this action against the Eatons, seeking a declaration that the thirty-foot easement still existed. The Eatons answered, asserting that the existing common driveway constituted the extent of the easement, and claimed that the Winns had lost the right to the portion of the easement which had been encroached upon by the Eatons, through adverse possession. The Eatons also alleged the affirmative defenses of quasi-estoppel, laches, waiver and lack of necessity.

Following a trial to the court without a jury, the district court held that: (1) the encroached-upon portion of the easement had not been adversely possessed by the Eatons; (2) the doctrines of quasi-estoppel and laches

would not be applied so as to limit the easement; (3) there was no evidence of a clear and unequivocal act by the Winns manifesting an intent to waive their right to the unused part of the easement; (4) lack of necessity was not a material issue because the easement had been created by grant; (5) the easement, while it continued to exist, was subject to being relocated and therefore removal of the encroachments was not required;[1] and (6) no attorney fees or costs were to be awarded. It is from this judgment that the Eatons appeal.

## II. ISSUES

The Eatons assert that the district court erred in holding that the Eatons' encroachment did not extinguish a portion of the easement under the doctrine of adverse possession. They also argue that the court erred in failing to apply the doctrines of quasi-estoppel and laches. Both parties request attorney fees on appeal.

## III. STANDARD OF REVIEW

On appeal, this Court defers to the trial court's findings of fact based upon substantial evidence, but we exercise free review over questions of law. *Staggie v. Idaho Falls Consol. Hospitals, Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). In reviewing findings of fact, we do not weigh the evidence, nor do we substitute our view of the facts for that of the trial judge. *Blaser v. Cameron*, 121 Idaho 1012, 1015, 829 P.2d 1361, 1364 (Ct.App.1991); *Ortiz v. Dept. of Health & Welfare*, 113 Idaho 682, 683, 747 P.2d 91, 92 (Ct.App.1987). Findings cannot be deemed clearly erroneous if they are supported by substantial, albeit conflicting, evidence in the record. *Ortiz*, 113 Idaho at 683–84, 747 P.2d at 92–3.

## IV. DISCUSSION

### A. Adverse Possession

The party asserting a claim of adverse possession must prove by clear and satisfactory evidence that he or she has been in exclusive possession of the property for at least 5 years and that the possession has been actual, open, visible, notorious, continuous and hostile to the party against whom the claim of adverse possession is made. I.C. §§ 5–207 through 5–210; *Kolouch v. Kramer*, 120 Idaho 65, 67–68, 813 P.2d 876, 878–79 (1991); *Shelton v. Boydstun Beach Assoc.*, 102 Idaho 818, 819, 641 P.2d 1005, 1006 (Ct.App.1982). When applied to extinguishing an easement, the elements of exclusivity and hostility require that the land owner use the property within the boundaries of the easement in a manner wholly inconsistent with enjoyment of the easement. *Shelton*, 102 Idaho at 820, 641 P.2d at 1007.

It is well-established that mere nonuse of a previously granted easement does not effect an abandonment of the easement. *Kolouch*, 120 Idaho at 67, 813 P.2d at 878. Furthermore, where an easement has been granted but no occasion has arisen for its use, the owner of the servient tenement "may plant trees, erect a fence, etc. and such use will not be deemed to be adverse," until such time as: (1) the need for the right of way arises, (2) a demand is made by the owner of the dominant tenement that the easement be opened and (3) the owner of the servient tenement refuses to do so. 120 Idaho at 68, 813 P.2d at 879.

The district court found that because this was a case where a portion of the easement was unused by the dominant tenement (the

---

1. In addition to the deed which made the conveyance to Lew and Hronek subject to the easement, Thorngren, Lew and Hronek executed a separate easement agreement. The district court considered a provision in the easement which recited that the described easement would be extinguished if a "new or replacement access road ... at least thirty feet in width" were to be constructed. Finding this language to be ambiguous, the district court construed the provision to allow relocation of the easement so long as the width remained at thirty feet. Neither party questions this conclusion on appeal.

Winns), the owner of the servient tenement (the Eatons) could make improvements within the boundaries of the easement, and that such use would not be deemed adverse until the need to use the easement arose. *See Kolouch, supra.* The court further found that the Winns' "need to utilize the unused part of the easement has not yet arisen." The Eatons argue that the district court's conclusion is not substantially supported by the record because the need to utilize the unused portion of the easement has arisen. They submit that this need is evidenced by the Winns' argument that the entire easement is required in order to adhere to Ada County Ordinance 8–13–3, which states that the minimum right of way width for a private road accessing a public street is thirty feet. The Eatons contend that because the ordinance was in effect in 1985 when the easement was created, the Winns' need for an unencumbered easement has existed during the entire six years that the Winns allowed the Eatons' encroachments to remain in place before filing this action to enforce the easement.

At the outset, we reject the Eatons' argument that the encroachments are adverse because the need to utilize the unused portion of the easement existed from the date of the Winns' purchase of the property because of the requirements of Ada County Ordinance 8–13–3. The deed from Thorngren to Lew and Hronek was subject to the thirty-foot wide easement and the deed to the Eatons also was subject to the same easement. Consequently, the easement exists pursuant to the recorded Easement Agreement and the subsequent deeds between Lew and Hronek and the Eatons and between Thorngren and the Winns independently from the requirements of Ada County Ordinance 8–13–3. While the Winns' "need" to hold a thirty-foot easement in order to comply with the ordinance has existed since the creation of the easement, the need to physically use the entire thirty-foot width has not arisen. We think it is the need to *use* the easement, not the need for a legal title to an easement, that controls under *Kolouch.*

In addressing the issue of adverse possession, the district court reviewed *Shelton, supra,* and *Kolouch, supra,* and determined that the instant case fell somewhere in between the facts of those two cases. We reach the same conclusion.

In *Shelton,* the plaintiffs had purchased beach property bordering a lake, subject to an easement held by the defendants to cross the property for the express purpose of boating, bathing, driving and parking. The plaintiffs constructed a retaining wall across the easement, and planted grass and flowers behind the wall the following year. They then erected fences on either side of their property, running from the retaining wall across the easement. The fences had no gates. The district court found that the plaintiffs had prevented the defendants from using the property for the express purpose of the easement and that the easement therefore had been extinguished by adverse possession. 102 Idaho at 820, 641 P.2d at 1007. The district court's decision was affirmed on appeal. *Id.*

In *Kolouch,* the plaintiffs purchased two lots, and each deed conveying the property to them included an easement. A few years later, the defendants purchased a portion of one of these lots, but the defendants' deed contained no reference to the existence of the plaintiffs' recorded easement. At the time the defendants acquired the property, there was a utility pole, a board fence, and some trees in the easement area. Subsequently, the defendants planted trees down the center of the easement, constructed a fence on one side of the easement, constructed a concrete irrigation diversion on another side, and placed several large boulders at one end of the easement. The defendants maintained that after they had planted the trees, etc., the easement was no longer open to use. On the limited occasions that the plaintiffs sought access to their parcel, they used a private roadway over a third party's easement, immediately to the north of the property at issue. The trial court in *Kolouch* held that although the case bore a factual resemblance to the facts presented in *Shel-*

*ton*, it differed because the easement involved in *Shelton* was " 'being used, at least spasmodically, and [was] actually interfered with,' whereas the easement in *[Kolouch]* had never been used by the [plaintiffs]." 120 Idaho at 68, 813 P.2d at 879. On appeal, the lower court's decision was affirmed by our Supreme Court.

We uphold the district court's determination that the improvements which were constructed by the Eatons interfere with the thirty-foot wide easement. However, the encroachments affect only that part of the easement that the Winns have had no occasion to need or to use. Based upon the Supreme Court's analysis in *Kolouch*, we conclude that the Eatons' improvements are not adverse because a need to actually utilize the unused portion of the easement has not yet arisen.

We therefore hold that the unused portion of the easement, which has been encroached upon by the Eatons, has not been extinguished by the Eatons' alleged adverse possession.

### B. Quasi–Estoppel

 The doctrine of quasi-estoppel is designed to prevent a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions. *Young v. Idaho Dept. of Law Enforcement*, 123 Idaho 870, 875, 853 P.2d 615, 620 (Ct.App.1993). This doctrine may be invoked against a party who asserts a right inconsistent with a position previously taken by that party, with knowledge of the facts and the party's rights, to the detriment of the person seeking to apply the doctrine. *Id.* This doctrine may also arise when one party has a duty to speak and fails to do so, thereby producing an advantage for that party, or a disadvantage for someone else, which is unconscionable. *Lupis v. Peoples Mortgage Co.*, 107 Idaho 489, 491, 690 P.2d 944, 946 (Ct.App.1984).

 The Eatons allege that the district court erred in determining that they did not sustain their burden of proving an affirmative defense of quasi-estoppel. They assert that they laid out the location for their home by placing stakes in the ground, before construction. The Eatons argue that because the Winns lived approximately forty feet behind them and consistently used the same driveway, the Winns observed the Eatons stake their property and construct the home, including the encroachments, without voicing any objection. The Eatons further argue that it was only after their home had been completed and the encroachments made that the Winns changed their position, from one of silence, to affirmatively seek enforcement of their easement right.

The Eatons' arguments are unpersuasive. There is no evidence in the record that the Winns' present position in this case is any different than the position they have taken in the past. They simply asked for a declaration by the district court that the thirty-foot wide easement still existed. There is no evidence that the Winns gained any advantage by not objecting to the Eatons' construction. The district court found that because the Eatons' constructed the improvements with either actual or constructive knowledge that the improvements encroached upon the easement, there is nothing "unconscionable" about any disadvantage they now suffer. We find no error in this determination.

We hold that the district court did not err in ruling that the Eatons failed to establish quasi-estoppel as a defense.

### C. Doctrine of Laches

 Finally, the Eatons alleged the affirmative defense of laches. Again, the Eatons assert that they were misled by the Winns' acquiescence and failure to speak out against the location and construction of the Eatons' home and other improvements. The Eatons further contend that without any finding by the district court as to the prejudice to them from moving the easement, or even deciding whether the easement could be moved given the location of the house, the court erred in not applying the doctrine of laches so as to

limit the easement to the existing, narrower common driveway.

 The defense of laches is a creation of equity and is a specie of equitable estoppel. *Callenders, Inc. v. Beckman*, 120 Idaho 169, 174, 814 P.2d 429, 434 (Ct.App. 1991); *Quintana v. Quintana*, 119 Idaho 1, 4, 802 P.2d 488, 491 (Ct.App.1990). Whether a party is guilty of laches is primarily a question of fact and therefore its determination is within the province of the trial court. *Id.* The decision to apply the doctrine is discretionary. *Id.*

 The necessary elements of laches are: (1) the defendant's invasion of plaintiff's right; (2) a delay in the assertion of the plaintiff's right; (3) a lack of knowledge by the defendant that the plaintiff would assert that right; and (4) injury or prejudice to the defendant in the event relief is granted to the plaintiff or the suit is not held to be barred. *McCuskey v. Canyon County*, 123 Idaho 657, 664 n. 1, 851 P.2d 953, 960 n. 1 (1993); *Finucane v. Village of Hayden*, 86 Idaho 199, 205, 384 P.2d 236, 240 (1963). Although lapse of time is an important element, it is not controlling in determining the applicability of the defense, unless the party claiming laches was injured or placed at a disadvantage by the delay. *Huppert v. Wolford*, 91 Idaho 249, 257, 420 P.2d 11, 19 (1966). Even when the elements of laches have been shown, the court may consider whether a less drastic form of relief than complete dismissal of the action is appropriate. *Waddell v. Small Tube Products, Inc.*, 799 F.2d 69, 79 (3d Cir.1986).

The record shows that the Winns were aware of the location of the Eatons' home as it was being constructed and must have been aware that the garage would be extremely close to the easement. The Winns must have also been aware that the driveway leading to the garage would encroach on the existing but unused portion of the easement. While the evidence does not suggest that the Eatons had any reason to believe that the Winns would assert their rights, the Eatons had either actual or constructive knowledge of the easement and proceeded to build anyway. The critical issue is whether the Eatons were prejudiced by the Winns' delay in asserting their rights. The district court held that the "prejudice, if any, is not so great as to create a need to apply the doctrine of laches." We agree. The original Easement Agreement between Thorngren and Lew and Hronek contemplated that the physical location of the easement could be moved. Consequently, the easement and the Eatons' improvements can co-exist, although at some time in the future, it may become necessary to relocate the easement.

We therefore conclude that the district court did not abuse its discretion in refusing to apply the doctrine of laches.

## V. CONCLUSION

We uphold the district court's conclusion that the unused portion of the easement, which has been encroached upon by the Eatons, has not been extinguished by adverse possession. We conclude that the court did not err in determining that the Eatons failed to establish a quasi-estoppel defense. Furthermore, we hold that the district court did not abuse its discretion in refusing to apply the doctrine of laches. The district court's judgment is affirmed.

Costs, but not attorney fees, on appeal are awarded to the respondents, the Winns, to be determined under I.A.R. 40.